18767

Norman E. ANKRIM and Helen A. Ankrim, Appellants, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, R. Kent Taylor, Myrtle Z. Taylor, and J. Foster Smith, Respondents. H. Klugh PURDY, Jr., Appellant, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent.

(159 S. E. (2d) 911)

*Messrs. Walker & McKellar,* of Ridgeland, *for Appellants,*

*Messrs. Daniel R. McLeod,* Attorney General, and *C. T. Goolsby, Jr.,* Assistant Attorney General, of Columbia, *for Respondent,*

February 29, 1968.

Moss, Chief Justice.

Norman E. Ankrim and Helen A. Ankrim are the owners of certain property in Ridgeland, South Carolina, upon which they operate a motel. Their property adjoins the western boundary of the right-of-way of U. S. Highway No. 17, which said highway is a part of the State highway system. At the point where Highway No. 17 passes in front of the motel, the thoroughfare is paved and has four traffic lanes as well as curbs, gutters and sidewalks. An unimproved strip of land, a part of the right-of-way of the State Highway Department, varying in width from 32 feet to approximately 37 feet, lies between the Ankrim's property line and the sidewalk. A driveway was constructed upon this strip, and it led from a driveway which is located in front of the motel of the Ankrims on the northern side and traversed a portion of the Department's right-of-way and continued onto the adjacent property. The latter is the site of a competing motel operated by R. Kent Taylor and his wife. The Ankrims constructed, without permission, ornamental wrought iron fences upon the right-of-way in the vicinity of their driveways. One of the fences is located northwest of the Ankrim property and southwest of the Taylor motel property, and the other is situated southwest of the Ankrims' land and northwest of that owned by one J. Foster Smith. There is located on the right-of-way a sign advertising the motel operated by the Ankrims. The Chief Highway Commissioner notified the Ankrims that they could not use any portion of the highway right-of-way for either signs or fences and were directed to remove these obstructions and encroachments by October 1, 1966. Subsequently, on November 10, 1966, the Ankrims were notified by the state highway engineer that their sign and other above-ground encroachments had to be removed from the Department's right-of-way within thirty days regardless of whether encroachment permits were possessed or not. The Ankrims refused to remove the sign and fences.

H. Klugh Purdy, Jr., owns property which adjoins the eastern side of Highway 17 just south of the city limits of Ridgeland and located thereon is a supermarket. He installed an advertising sign upon a portion of the right-of-way under an encroachment permit dated May 17, 1961, which provides: "It is mutually understood that the sign will be removed by the permittee at no cost to the De-. partment at any time that the Department deems such removal advisable." Purdy has also placed, without permission, an ice vending machine at the location of the sign. He has been notified by the Department to remove the sign and the ice vending machine from the right-of-way but has refused to do so.

The Ankrims and Purdy, the appellants herein, instituted separate actions against the South Carolina State Highway Department, the respondent herein, to enjoin it from removing the signs, fences and ice vending machine from the respondent's right-of-way. A temporary injunction was granted and a date was set for hearing the case on its merits.

Prior to the hearing, R. Kent Taylor, Myrtle Z. Taylor and J. Foster Smith, who are owners of properties adjoining the Ankrims, were allowed to intervene and become parties defendant in the Ankrim action. The intervenors alleged that by the Ankrims placing the fences on the right-of-way of the respondent that their respective properties will depreciate in value because of a loss of a convenient means of access thereto by way of crossing the right-of-way of the respondent.

The respondent answered both complaints and alleged that it lacked statutory authority to surrender its right-of-way to the uses of the type here involved, that the fences, signs and ice vending machine unreasonably interfered with the public's enjoyment of the highway easement and that those above-ground facilities were unauthorized obstructions and encroachments. The respondent asks that

the court require the appellants to remove the signs, fences and ice vending machine from the right-of-way.

This case was tried before the Honorable William Rhodes, Jr., Resident Judge of the Fourteenth Circuit. The testimony was taken and a number of exhibits were offered in evidence. Thereafter, on April 27, 1967, the trial judge, by his order, denied the relief sought by the appellants and directed that they remove within sixty days any signs, fences or any other aboveground structures or facilities located on the right-of-way of the respondent and that they be enjoined from erecting, constructing or placing any unauthorized obstructions, encroachments, aboveground improvements or facilities upon the said right-of-way. It is from this order that the appellants prosecute this appeal.

The appellants argue that the signs, fences and the ice vending machine located on the right-of-way of the respondent do not constitute any hazard to the traveling public using the highway and that such fences, signs and ice vending machine should remain upon the right-of-way until such time as the respondent has some reasonable use for its excess right-of-way.

S. N. Pearman, Chief Highway Commissioner, was called as a witness in behalf of the appellants and he testified as to how the fences and other aboveground structures could constitute a hazard to those using Highway 17. The trial judge found, based upon the aforesaid testimony, that the fences and other aboveground facilities reasonably constitute a hazard and a dangerous obstruction to those who travel upon said highway and the latter have a right to use that highway free from the perils which these structures present. The testimony sustains this conclusion of the trial judge.

The appellants assert that the said fences, signs and ice vending machine are essential to the proper operation of their respective businesses and should be allowed to re-

main intact until the respondent shall have some reasonable use for the unused portion of its easement. The trial judge found as a fact that each of the appellants has sufficient property of their own upon which to construct signs, erect fences and install an ice vending machine. It thus appears that it was unnecessary for the appellants to maintain these above ground structures upon the right-of-way of the respondent. He further held that these aboveground structures unreasonably interfere with the right of the public to use the respondent's right-of-way free of all dangerous obstructions and that any rights of the appellants, as abutting owners, are subordinate to the rights of the public.

It is fundamental that any use of a highway or street for a purpose other than the one for which it was primarily established is always subject to the police power. Any right granted with respect thereto is at all times subordinate to the superior rights of the public. *Sammons v. City of Beaufort,* 225 S. C. 490, 83 S. E. (2d) 153. The duty rests upon the State Highway Department to not only keep the paved portion of the road in reasonably safe condition for motor vehicle travel but also to keep the road adjacent to the pavement and the shoulders of the highway in such condition as will meet the reasonable needs of the traveling public. *Bunton v. State Highway Department,* 186 S. C. 463, 196 S. E. 188. Rights in highways granted to individuals or corporations are at all times held in subordination to the superior rights of the public. The grantee takes them subject to the paramount right of the public authority to improve the way and to make such requirements and regulations as are necessary and reasonable in order to make it suitable and convenient for the use of the traveling public, and he may be required to abandon the use granted, or to remove or change the location of structures erected under the grant, when demanded by public necessity, convenience or welfare. 25 Am. Jur., Highways, Section 182.

48

The trial judge having found that the aboveground facilities placed upon the right-of-way constitute a hazard and a dangerous obstruction to those who travel on said highway, the respondent had the right to direct the removal of such in order to free the highway from the perils and hazards which those structures present. The appellants had no right to do anything in respect of the respondent's right-of-way which would impair the safety of travelers or in any way interfere with the use of the way as a highway by the public, or to use for any purpose which amounts to a perversion of it from the uses for which it was intended. To allow the appellants to use the right-of-way of the respondent in such a manner indicated by the evidence here so as to create a hazardous and dangerous condition to the traveling public would be to subordinate the public safety and welfare to the rights of the abutting owners. The rights of an abutting owner who owns the fee to the land over which the highway runs are subject and subordinate to the easement and servitude in favor of the public.

The appellants have filed several other exceptions to the order of Judge Rhodes. However, they have not been argued in the appellant's brief and are considered abandoned by this court. *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15.

The exceptions of the appellants are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.