18960

Jesse D. SHIRER, Respondent, v. O. W. S. & ASSOCIATES, Inc., the Jefferson Standard Life Insurance Company, and Julian A. Ott, Defendants, Of Whom The Jefferson Standard Life Insurance Company is, Appellant.

(169 S. E. (2d) 621)

*Messrs. Roberts, Jennings & Thomas,* of Columbia, *F. Hall Yarborough,* of Orangeburg, and *Richard B. Hart,* of

counsel, of Greensboro, North Carolina, *for Appellant,*

*Messrs. Marshall B. Williams* and *Bryant & Fanning,* of Orangeburg, *for Respondent,*

September 15, 1969.

BRAILSFORD, Justice.

This is an appeal by Jefferson Standard Life Insurance Company from a judgment against it for $21,600.00, the amount of a "liquidated damage deposit," retained by it upon the cancellation by O. W. S. & Associates, Inc., of a conditional acceptance of a mortgage loan commitment. This closely held corporation was organized for the purpose of constructing and operating a motel at Smithfield, North Carolina, under a Holiday Inns of America, Inc., franchise. The principal incorporators, all residents of Orangeburg County, South Carolina, were Julian A. Ott, president, Jesse D. Shirer and Fisher Walter. The corporation engaged the services of Stockton, White and Company, mortgage brokers of Raleigh, North Carolina, to procure permanent financing for the construction and furnishing of the motel. On November 22, 1966, Stockton obtained a com-

mitment for a mortgage loan of $540,000.00 from Jefferson Standard Life Insurance Company, which was accepted by Mr. Ott for the corporation, subject, however, to a number of exceptions. The commitment required a "liquidated damage deposit" of $21,600.00, and the corporation's check for this sum was issued by Mr. Ott and delivered to Stockton.

A revised proposal of December 6, 1966, was submitted by Jefferson Standard through Stockton and was accepted for the corporation by Mr. Ott, subject only to a modification in the restriction imposed by the proposal upon secondary financing for the purchase of furnishings. This conditional acceptance and the corporation's check for the required deposit were transmitted to Jefferson Standard by Stockton. By letter of January 31, 1967, Mr. Ott notified Stockton and Jefferson Standard that the corporation was cancelling "all preliminary agreements and commitments" because of dissatisfaction with the terms proposed and requested a return of its deposit of $21,600.00. Jefferson Standard refused this request, asserting that it had accepted the corporation's counterproposal by letter of December 22, 1966, to Stockton, the corporation's agent in the transaction, whereupon the negotiations had ripened into a mutually binding loan commitment.

This stockholders' action was brought by Jesse D. Shirer to recover the amount of the deposit. The complaint alleges that Jefferson Standard made "unreasonable, technical, time consuming and trivial demands" upon the corporation, as a result of which the application for a loan was withdrawn, and return of the deposit was demanded; and that "no contract ever came into existence" between the parties.

The answer alleges that the negotiations between the parties resulted in a binding contract, which has been breached by the corporation, and pursuant to which Jefferson Standard is entitled to retain the deposit of $21,600.00 as liquidated damages.

It was, in effect, conceded at the trial that the merits of the controversy depended upon whether the proof established a binding contract between the parties, *i. e.,* on the part of Jefferson Standard to make a loan of $540,000.00, on specified terms, and on the part of the corporation to accept the loan on such terms. If so, Jefferson Standard was entitled to retain the deposit as liquidated damages for the corporation's breach of contract. If not, the corporation was entitled to judgment against Jefferson Standard for the sum deposited.

The corporation's conditional acceptance of Jefferson Standard's proposal of December 6, 1966, was in effect a counterproposal, which, like any offer to contract, could be withdrawn without prejudice prior to acceptance. Plaintiff rested his case at the trial below on *prima facie* evidence that the corporation had received no notice of acceptance of its counterproposal until after it had been withdrawn and the action commenced.

Jefferson Standard undertook to prove acceptance of the corporation's counterproposal by introduction of a carbon copy of a letter from it to Stockton, dated December 22, 1966, which acknowledged receipt of the corporation's acceptance of the commitment of December 6, and of the check for the deposit of $21,600.00, and assented to the condition imposed by the corporation. The proffered exhibit concluded, "We now consider this a firm acceptance and a binding loan agreement." The court, holding that a sufficient foundation for the introduction of secondary evidence had not been laid, excluded the exhibit under the best evidence rule.

By appropriate exceptions, the exclusion of this exhibit was assigned as error on two grounds. First, the carbon copy of the typewritten letter should have been admitted as a duplicate original; and, second, the original letter was beyond the jurisdiction of the court in the possession of Stockton. These exceptions raise no issue for determination by us, because (1) error in the court's

ruling on the point of evidence is not suggested by appellant's statement of the questions involved on the appeal; and (2) neither of the assignments of error relating to the exclusion of the exhibit is argued in the brief. Rule 8, sec. 2 of the rules of this court requires that appellant's brief be preceded by a statement of the questions involved, and provides that, ordinarily, no point will be considered which is not set forth in such statement or suggested thereby. It is settled by numerous decisions of this court that exceptions not argued on appeal are deemed abandoned. *Ankrim v. South Carolina State Highway Dept.,* 251 S. C. 42, 159 S. E. (2d) 911 (1968) ; 4 West's South Carolina Digest, Appeal and Error, Key No. 1078(1) (1952.).

We do not intend to suggest that these exceptions would have been sustained if they had been included in the statement of questions involved and argued in the brief. Admittedly, there is strong authority from some jurisdictions that a properly authenticated carbon copy of a letter or other document may be received in evidence as a duplicate without accounting for the original. Annot., 65 A. L. R. (2d) 342, 355 (1959). With exceptions not here applicable, *State v. Allen,* 56 S. C. 495, 35 S. E. 204 (1900), *Griswold v. Texas Co.,* 163 S. C. 156, 161 S. E. 409 (1931), this view has not been adopted as the law of this jurisdiction. *Walker v. Southern Ry.,* 76 S. C. 308, 56 S. E. 952 (1907). The refusal of the court to admit the copy on this ground was not error of law.

Whether the possession of the original letter by Stockton in North Carolina, coupled with Jefferson Standard's unsuccessful efforts, initiated after the trial was in progress, to procure it from this source, sufficiently established its unavailability was for determination by the trial judge in the exercise of his discretion. We agree with appellant's contention that the letter was received by Stockton as agent for the corporaion, from which it is reasonable to conclude that it was held subject to the principal's order and under its control. The court's conclusion

that, under these circumstances, nonavailability could be shown only by the failure of the corporation to produce the letter after notice to do so was not error of law. 4 Wigmore, Evidence, Sec. 1202 (3), at 362 (3d ed. 1940).

Under the first four questions stated in the brief Jefferson Standard contends (1) that Ott was authorized to bind the corporation to the loan commitment; (2) Stockton was the corporation's agent for receiving notice of Jefferson Standard's acceptance of the counterproposal; (3) the negotiations for the loan commitment resulted in a contract under the rules of offer and acceptance; therefore (4) the court erred in refusing Jefferson Standard's motion for a directed verdict.

When the letter of December 22, 1966, is excluded from consideration, as it must be, the record does not establish Jefferson Standard's third contention; contentions one and two become moot, and contention four fails for want of a premise.

Appellant's fifth question, complaining of error in refusing a request to charge relating to Ott's authority as agent, has also become moot.

Lastly, Jefferson Standard charges error in the admission of evidence as to its wealth. We agree that this evidence should have been excluded. However, no prejudice resulted because, absent a contract, the jury arrived at the only sustainable verdict.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.