## 19090

Tensye N. YOUNG, Respondent, v. Glenn W. YOUNG, Appellant

(176 S. E. (2d) 156)

*Charles W. McTeer, Esq.*, of Chester, *for Appellant,*

*Claud N. Sapp, Esq.* and *Mrs. Betty M. Sloan,* of Columbia, *for Respondent,*

July 29, 1970.

BRAILSFORD, Justice.

In this action, commenced by the wife in December, 1968, in the Court of Common Pleas for Chester County, she was awarded a divorce on the ground of physical cruelty, custody of the three minor children of the parties, $125.00 per week for the support of the children and $700.00 attorney's fees. The husband's appeal to this court relates solely to the amounts awarded for these purposes. In each instance, he charges that the amount is in excess of his ability to pay, and, as to the attorney's fee, not justified by the work involved.

The husband has varied business interests, including an oil distributorship, an automatic car wash and several pieces of commercial property. A financial statement submitted by him in connection with a loan application shortly after the commencement of the action reflected a net worth of $225,531.06. At the time of the hearing he owned a new Cadillac and had a $20,000.00 airplane, which was financed through some form of lease arrangement. Monthly payments on the automobile and airplane aggregated approximately $500.00.

The husband described his financial statement as inflated and testified that his assets were not worth nearly so much as the values he had ascribed to them. He also testified that his net income for 1968, as shown by his income tax return, was only $14,300.00 against which there were heavy demands for debt service. However, it is apparent that the income tax figure does not fairly reflect his disposable income. For example, $6,302.89 was deducted as car wash equipment depreciation in figuring a net income of $2,606.21 from that operation alone. We are satisfied that the award

for the support of the children is justified by the evidence as to their needs and as to the father's ability to pay.

The allowance of attorney's fees in a divorce action is largely within the discretion of the trial judge. 8 West's South Carolina Digest, Divorce, Key 223 (1952). A husband appealing from such an allowance on the ground of excessiveness has the burden of satisfying us that the award is so unreasonably high as to amount to an abuse of discretion. The only testimony in the record here is that of the parties bearing upon the needs of the children and the ability of the husband to pay. The complaint charges the husband with physical cruelty, adultery and other acts of misconduct, all of which charges are put in issue by the answer. The abbreviated record on appeal fails to disclose the extent to which these serious issues were litigated in the circuit court, and furnishes no basis for our concluding that the allowance for the wife's attorney is unreasonably disproportioned to the services rendered.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.