19817

Nancy W. SARTOR, Appellant, *v.* John E. WARD, Respondent

(205 S. E. (2d) 1)

*John P. Gardner, Esq.,* of Darlington, *for Appellant,*

*Melvin L. Roberts, Esq.,* of York, *for Respondent,*

May 6, 1974.

*Per Curiam:*

Nancy W. Sartor, the appellant, and John E. Ward, the respondent, were divorced by a decree of the Family Court for York County in 1971. Custody of their two children, ages six and three, was awarded to the mother, who had moved to Darlington County, the former home of the spouses, upon separation from her husband. The father was allowed bi-weekly visits with the children and was required to pay $35.00 per week for their support. After the father had also moved to Darlington County, and both the father and mother had remarried, he moved in the divorce court for an increase in visitation privileges and reduction in support payments. At the hearing on April 5, 1973, where, according to the transcript, "all parties and witnesses were present," counsel for the mother made an oral motion for change of venue to Darlington County on the ground that

the convenience of witnesses and ends of justice would be promoted. This motion was denied. Comparatively minor changes in hours for the bi-weekly visits were granted, and support payments were reduced to $30.00 per week. The mother has appealed on exceptions which charge error in refusing to transfer the venue and in both modifications of the provisions of the divorce decree.

The motion for change of venue was properly denied, if for no other reason, because it came too late. With the attorneys, parties and witnesses already in court in York, it is not apparent that to transfer the hearing to Darlington would have served anyone's convenience, and, so far as the record discloses, no such showing was made or attempted.

The exception to the modification of visitation hours is not argued in the brief, and is deemed abandoned.

The husband offered no testimony justifying a reduction in support payments. He merely testified that the payments presented a problem to him on his earnings of $3.04 per hour as a machinist. However, his testimony suggests an increase in weekly earnings since the decree rather than a decrease, and the record does not disclose what impact, if any, his remarriage had on his ability to meet the payments. It was, therefore, error for the court to reduce the payments required by the divorce decree.

Affirmed in part and reversed in part.