20339

Calvin B. SCHADEL, Appellant, v. Barbara Ann SCHADEL, Respondent.

(232 S. E. (2d),

*Jan L. Warner, Esq.,* of *Weinberg, Bryan, Warner, Brown & McDougall,* of Sumter, *for Appellant,*

*Joseph T. McElveen, Jr., Esq.,* of *Bryan, Bahnmuller, King, Goldman and McElveen,* Sumter, *for Respondent,*

January 5, 1977.

GREGORY, Justice:

Calvin Schadel appeals orders of February 5, 1975, January 22, 1976 and March 10, 1976 by C. L. Cuttino, Jr., Judge, Family Court of Sumter County; appellant also appeals an order of March 14, 1975 by Bernard J. Warshauer, Acting Judge, Family Court of Sumter County.

At issue is the lower court's treatment of child support payments, of contempt of court by Schadel's former wife, and of suit money and attorneys' fees.

Schadel and his former wife, Barbara Schadel, entered into a property and support agreement in March of 1973, after Schadel had sued for divorce on grounds of three years separation. The agreement provided for visitation, custody, and lump-sum alimony and required Schadel to pay $400.00 per month child support, allocated at $133.33 per child. On June 14, 1973 the Family Court of Sumter County granted the divorce and incorporated the Schadels' agreement in the court's order.

In January of 1975 Schadel petitioned the family court to reduce his support payments and to hold Mrs. Schadel in contempt for her denial of his visitation attempts. Schadel claimed that respondent had violated the divorce decree of June 1973 and an order of August 1974, both of which granted specific visitation rights. After a hearing, Judge Warshauer, acting as family court judge, ordered that (1) Schadel's payments be reduced to $250.00 per month, (2)

Mrs. Schadel not be held in contempt, and (3) Mrs. Schadel's attorney be given $150.00 "suit money" for his preparation and appearance at the hearing. The order was dated March 14, 1975 and was to remain in effect until a more complete hearing could be held.

Judge Warshauer, sitting as master in equity, then held a full hearing on the merits of the case in July of 1975. His October 1, 1975 report recommended that (1) Schadel's payments be increased to $300.00 per month, (2) Mrs. Schadel be "directed" to encourage the children to visit with Schadel (the report did not recommend contempt), and (3) Mrs. Schadel's attorney be given $250.00 in addition to the $150.00 already ordered. From March up until the time of the report, Schadel apparently paid $250.00 per month in support.

Responding to exceptions to the report of the master, Judge Cuttino in his January 22, 1976 order (1) increased support to $475.00 per month, (2) directed Schadel to pay $200.00 arrears for February 1975, in which Schadel had reduced his payment from $400.00 to $200.00, (3) further directed Schadel to pay $150.00 arrears for each month from March 1975 through January 1976, (4) warned Mrs. Schadel that any future failure to abide by visitation provisions of the 1973 divorce decree would be "severely dealt with" (the judge did not find her in contempt), and (5) increased the award of the attorneys' fees to $1,125.00.

Appellant petitioned the family court to stay parts of its January order and to reduce support payments. On March 10, 1976 Judge Cuttino ordered the following: (1) that support be reduced back to $400.00 per month; and (2) that the January orders as to attorneys' fees and arrearages be stayed pending the resolution of the appeal to this Court.

Appellant's first argument is that the $400.00 per month support payment is unreasonable. On the contrary, the $400.00 per month is more than fair to Schadel. Annually, Schadel receives $10,613.04 from the

United States Air Force and $1,632.00 from the Veterans Administration. This amounts to $12,245.04 per year from which he pays $4,800.00 at the present time as support for his three daughters. Additionally, the present Mrs. Schadel (whom he married in July of 1973) has an annual net income of $8,476.52. Resupondent's annual net income is $7,392.00. This added to the $4,800.00 she has been receiving for child support totals $12,192.00 to support four people, including one attending college. Schadel requested the reduction in support because of his impending separation from the Air Force. However, the evidence shows that Schadel anticipated this separation when he entered into the agreement with his former wife. We uphold the $400.00 per month finding by the lower court.

Appellant next argues that the lower court erred in imposing arrearages of $150.00 per month for child support for the months of March 1975 through January 1976. With this we agree. During these months Schadel paid what the court ordered him to pay. The lower court did, however, properly exact from appellant $200.00 in arrears for the month in which he voluntarily cut his payments (February 1975). Appellant acknowledges his obligation to pay the $200.00.

With respect to child supuport Schadel also argues that Article 17, Section 14 of the South Carolina Constitution absolves him from supporting his children after they reach the age of 18 years. We do not reach this issue in view of the March 1973 agreement between the Schadels. The agreement said that support for a child shall continue up until the age of twenty-one (21) as long as the child is not emancipated and is "enrolled in a fulltime course of higher education, this meaning a college, technical school, trade school, or other accredited school . . ." Carol, who became 18 in 1975, was enrolled at Pennsylvania State University at the time of Judge Cuttino's January 1976 order.

We believe Mr. Schadel's obligation should continue as specified in the agreement and the divorce decree into which the agreement was incorporated.

Appellant's fourth argument is that the court erred in not holding Mrs. Schadel in contempt of court. We agree. The evidence shows she refused visitation of Schadel with their children in contravention of family court orders of June 14, 1973 and August 14, 1974. The record is "clear and specific as to the acts or conduct" upon which a finding of contempt should have been made. *Bigham v. Bigham,* 264 S. C. 101, 104, 212 S. E. (2d) 594, 596 (1975) [the Court quoting an earlier decision]. However, we direct the lower court to impose sanctions on Mrs. Schadel only if she continues to violate the court's orders.

Lastly, Schadel contends that his former wife's attorney was not entitled to attorneys' fees, and even if he were, the amounts given him were excessive. This Court has previously allowed the award of attorneys' fees in actions arising from, but not identical to, the original divorce actions. *Darden v. Witham,* 258 S. C. 380, 188 S. E. (2d) 776 (1972) *affirmed on remand,* 263 S. C. 183, 209 S. E. (2d) 42 (1974) [action to determine rights under divorce decree]; *Moorhead v. Scott,* 259 S. C. 580, 193 S. E. (2d) 510 (1972) [action to change custody of children]; *Grossman v. Grossman,* 242 S. C. 298, 130 S. E. (2d) 850 (1963) [action to recover unpaid alimony]. The January 1975 action by appellant, and the August 1974 action by him which led to the court's visitation order of August 1974, both grew directly out of the divorce action begun by appellant. And in a divorce action we have sustained the award of attorneys' fees "independently of other considerations . . . as an incident to the determination of the question of alimony and matters affecting custody and support of the children." *Bond v. Bond,* 252 S. C. 363, 369, 166 S. E. (2d) 302, 305 (1969). The present case directly involves the "custody and support of the children."

Therefore we hold it to be within the power of the court in equity to award attorneys' fees to the wife defending an action to reduce child support payments originally ordered by a court in a divorce decree. However, because we are not convinced that appellant was given adequate opportunity to contest respondent's claims as to the amount of fees her attorney should be given, we remand the case on this question. The master recommended a total fee of $400.00 for respondent's attorney. An itemized statement of services in the form of an ex parte affidavit was thereafter submitted to the family court by her attorney without a copy being sent to appellant's attorney. The family court in its order of January 22, 1976 awarded $1,125.00 attorneys' fees, the amount sought in the affidavit, without giving appellant an opportunity to respond, and without referring to $150.00 previously paid. Appellant is entitled to both a hearing and credit for the $150.00 on the amount that is finally ordered to be paid as attorneys' fees.

The order of the family court is Affirmed In Part, Reversed In Part, and Remanded for the court to determine the amount of respondent's attorneys' fees.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.