20795

**J. Fred SPIRES, Respondent, v. Carol Welch Spires HIGGINS, Appellant.**

(248 S. E. (2d) 488)

*Ham & Richardson,* Columbia, *for appellant.*

*Bryan, Crosby & Bates,* West Columbia, *for respondent.*

October 25, 1978.

GREGORY, Justice:

Carol Welch Spires Higgins appeals from an order of the lower court ordering the respondent J. Fred Spires to pay child support in the amount of sixty five ($65.00) dollars per month. The issue is whether the lower court's award

of child support is so inadequate as to require reversal. We reverse and remand for an award of additional child support.

The parties were divorced by order of the Lexington County Juvenile-Domestic Relations Court dated September 25, 1963. Mrs. Higgins was awarded custody of the couple's two minor daughters and Mr. Spires was ordered to pay child support in the amount of fifteen ($15.00) dollars per week.

By order dated February 2, 1968 the amount of child support was increased to one hundred ($100.00) dollars per month.

In June 1977, Mr. Spires petitioned the Lexington County Family Court to terminate his obligation to support the couple's older daughter who became eighteen years old in February 1977. Mr. Spires also sought to have the amount of child support reduced to fifty ($50.00) dollars per month.

Mrs. Higgins replied to the petition and counterclaimed seeking an increase in child support.

By order dated October 17, 1977 the lower court terminated Mr. Spires' obligation to support the couple's eighteen year old daughter and ordered Mr. Spires to pay sixty five ($65.00) dollars per month for the support of the minor daughter until she attains the age of eighteen on June 3, 1979. This appeal by Mrs. Higgins followed.

On appeal from an order of the family court this Court has jurisdiction to review the entire record to determine the facts in accordance with our own view of the preponderance of the evidence. *Jones v. Jones,* S. C., 241 S. E. (2d) 904 (1978). This broad scope of review in equity cases does not require us, however, to disregard the findings of the lower court, nor does it relieve the appellant of the burden of convincing this Court that the lower court committed error. *Cook v. Cobb,* S. C., 245 S. E. (2d) 612 (1978); *Allbritton v. Allbritton,* 260 S. C. 61, 194 S. E. (2d) 197 (1973).

Mrs. Higgins first contends the lower court erred
by requiring Mr. Spires to pay only sixty five
($65.00) dollars per month for the support of the
couple's minor daughter. Mrs. Higgins argues that in view
of the daughter's needs and Mr. Spires' ability to pay, the
trial judge abused his discretion by not awarding a larger
amount as child support.

The amount to be awarded as child support is within
the sound discretion of the trial judge whose award
thereof will not be disturbed on appeal unless an
abuse of discretion is shown. *Smith v. Smith,* 264 S. C. 624,
216 S. E. (2d) 541 (1975).

Here, the lower court refused to make a larger award of
child support after finding that Mr. Spires' ability to pay
child support had increased only nominally. The lower court
stated:

I further find and take judicial notice of cost of living
increases since the last Order of this Court on May 19, 1971
[affirming and incorporating the order of February 2,
1968] but that the Petitioner, J. Fred Spires' increase in
income has been nominal, not substantial; . . .

The evidence in this case reveals that in 1968 when the
award of child support was increased to one hundred ($100-
.00) dollars per month Mr. Spires had an annual income
between ten thousand ($10,000.00) dollars and twelve
($12,000.00) dollars. In 1975 his annual income was six-
teen thousand four hundred seventy four ($16,474.00)
dollars and in 1976 his annual income was twenty five thou-
sand twelve ($25,012.00) dollars. The hearing in this mat-
ter was conducted in July 1977 and Mr. Spires testified his
salary per month at that time was one thousand ninety one
and 71/100 ($1,091.71) dollars plus three hundred ($300-
.00) dollars as fees received in his capacity as a magistrate
for a total of one thousand three hundred ninety one and
71/100 ($1,391.71) dollars per month. This would produce

a projected annual income for 1977 of approximately sixteen thousand seven hundred ($16,700.00) dollars.

In our view of the preponderance of the evidence Mr. Spires' increase in income has been more than nominal and we agree with Mrs. Higgins that Mr. Spires should be required to make a more substantial contribution to the support of his daughter. The trial judge abused his discretion by ordering Mr. Spires to pay only sixty five ($65.00) dollars per month as child support.

Mrs. Higgins next contends the lower court erred by finding that Mr. Spires' obligation to support the couple's minor daughter would terminate when the daughter reaches the age of eighteen on June 3, 1979. Mrs. Higgins argues that the question of when Mr. Spires' obligation to support the minor daughter would terminate was not before the lower court.

Since Mr. Spires' obligation to support the couple's minor daughter would terminate by operation of law when the daughter becomes eighteen years old, *Cason v. Cason,* S. C., 247 S. E. (2d) 673, filed September 18, 1978, Mrs. Higgins has not been aggrieved by this portion of the lower court's order. This exception is dismissed.

Mrs. Higgins abandoned her appeal from the order of the lower court terminating Mr. Spires' obligation to support the couple's daughter who became eighteen years old in February 1977 and was married in February 1978.

Accordingly, we reverse the order of the lower court in part and remand for an award of additional child support as of October 17, 1977.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.