21633

Wallace M. MAJOR, Respondent, v. Irene J. MAJOR, Appellant.
(286 S. E. (2d) 666)

*Victoria L. Eslinger* and *Ann L. Furr*, Columbia, *for appellant.*

*John R. Lester*, Columbia, *for respondent.*

January 21, 1982.

LEWIS, Chief Justice:

Appeal is here taken by the wife from a divorce decree denying her alimony and setting child support in a manner and amount which she deems improper and inadequate. With respect to these questions, we reverse in part and affirm in part with modifications. Other issues raised on appeal have been reviewed along with the entire record and are dismissed under our Rule 23.

The parties separated in December 1975, after approximately thirteen years of marriage. They had two minor sons. In March 1977, a *pendente lite* order of the family court granted custody of the children to the father, who had already established a separate residence for himself and the boys. The wife remained in the marital home. In January 1978, the older son moved in with his mother with the consent of the father. Thereafter the father made no financial contribution to support of this son.

The family court issued its decree in May 1979, granting divorce on the ground of three years continuous separation and directing that the father have custody of the younger son, that the mother have custody of the older son and receive child support in the amount of seventy-five ($75.00) dollars a month from the father, that the wife be denied alimony, and that the marital home be sold and the proceeds equally divided between the parties.

We take up the question of alimony first. South Carolina treats alimony as a substitute for support normally incident to the marital relationship. *Lide v. Lide,* S. C., 283 S. E. (2d) 832 (1981); *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289; *Bailey v. Bailey,* 269 S. C. 1, 235 S. E. (2d) 801; *Nienow v. Nienow,* 268 S. C. 161, 170, 232 S. E. (2d) 504; *Beasley v. Beasley,* 264 S. C. 611, 612, 216 S. E. (2d) 535; *Spence v. Spence,* 260 S. C. 526, 197 S. E. (2d) 683.

Our recent holding in *Lide v. Lide, supra,* lists nine factors to be considered in an award of alimony, which factors also appear in numerous prior decisions.

It is apparent from the divorce decree that the family court paid scant attention to these criteria. Since this appeal presents a matter in equity heard by a single judge, this Court is free to find the facts based upon our view of the preponderance of the evidence.

The appellant and respondent stand on equal footing with regard to age and health. Likewise, the equities appear balanced in terms of conduct of the parties. With respect to financial condition, earning capacity, individual wealth, ability to pay alimony and actual income, however, there are striking disparities between them. For thirteen years, the wife remained out of the labor market in order to serve as the primary homemaker and to devote full attention to the children. She relied upon the respondent for her sole support. Her marketable skills are resultingly meager while the husband has established a secure career. During the separation of the parties, the wife obtained employment. Not surprisingly, the husband's income was three times that of the wife. Preoccupied as she is, and has been, with maintaining herself and the older son, it is clear that the appellant will have little opportunity to improve her earning capacity through further schooling. The record reveals that she expended half of an inheritance during the pendency of this action to meet the immediate needs of her two person household. When the marital home is sold she will be forced to find other accommodations.

It must be said, on the other hand, that the respondent is charged with primary responsibility for the younger child. He can thus claim some balancing necessities of his own in answering the claim for alimony. It is clear that both parties are bearing financial hardship and neither can expect to enjoy in all respects the same standard of living after divorce as they did when living as a family.

All things considered, however, we are of the opinion that the appellant requires support by way of alimony and that the trial court abused its discretion in denying her same. Accordingly, we reverse the holding of the court below and direct that the respondent pay the sum of

one hundred fifty ($150.00) dollars per month as alimony to the appellant effective the date of the divorce decree.

The appellant also attacks the award of child support for failure of the family court to make payment retroactive to January 1978, when the older child came to live with appellant, and for failure to award an amount commensurate with the actual monthly expenses of the older child, shown to be approximately two hundred fifty ($250.00) dollars.

We find that the order of the family court is actually ambiguous with regard to the date upon which payment should commence. In these circumstances, the order should be construed on the basis of that which a reasonable person in the position of the court would have thought the decree to mean at the time it was effectuated. 67A C. J. S. Parent and Child § 80(b), p. 404.

The respondent testified that he consented to the move by the older son in January 1978. Unlike the situation in which a minor child leaves home against the will of a parent, this action by the older son worked no termination of the father's continuing duty of support. Cf: Annotation, "Parent's Obligation," 98 A. L. R. 2d 334. It is implied by respondent that the mother's failure to request assistance waived her claim to retroactive relief. We reject any suggestion that a parent may waive a child's right to support by agreement or otherwise. 67A C. J. S. Parent and Child § 60.

The issue of retroactive support is to be resolved in accordance with the evidence presented. *McSwain v. Holmes*, 269 S. C. 293, 237 S. E. (2d) 363. In reviewing the record, we conclude that the only reasonable interpretation of the divorce decree is that support payments by the father were to commence as of January 1978, the date when the older child began to live with his mother. The decree is modified accordingly, with payment to the appellant as support for the child, due as of January 1978, and continuing until the eighteenth birthday of said child.

In reviewing the amount of child support, we take note of respondent's offer, made during oral argument, to assume present and future support of the older child

as well as the expense of his college education. Although this offer does not bear directly upon the amount of child support awarded below, we find that this admirable and voluntary assumption of post-emancipation support and educational costs, taken together with the father's continuing custody of the younger child, works a fair balance between these parties. We, therefore, do not reach the issue of the amount of pre-emancipation support granted by the decree, but instead we affirm that holding and modify the decree of divorce to direct that the respondent shall pay two hundred fifty ($250.00) dollars monthly together with all expenses of a four-year college education to the older child of the parties commencing with the eighteenth birthday of said child. *Jackson v. Jackson*, 264 S. C. 599, 216 S. E. (2d) 530. In all other respects, the order appealed from is affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.