21706

Arnold E. BROWN, Respondent-Appellant, v. Sarah R. BROWN, Appellant-Respondent.

(292 S. E. (2d) 297)

*Forrest C. Wilkerson,* of *Roddey, Carpenter & White,* Rock Hill, *for appellant-respondent.*

*Peter M. Perrill,* Rock Hill, *for respondent-appellant.*

May 19, 1982.

*Per Curiam:*

The parties have appealed from an order issued in response to Mr. Brown's petition for a reduction in alimony payments.

The parties were divorced in July, 1979, and financial relief was ordered based on their oral agreement in court. No testimony was offered as to the financial basis for the relief, and the order contained no findings of fact on this issue. Six months later Mr. Brown sought a reduction of the alimony award of six hundred fifty dollars per month based on changed circumstances. He alleged two changes had occurred — Mrs. Brown had accepted full-time employment and his salary had decreased because of medical problems.

The court found Mrs. Brown's employment was anticipated and, therefore, was not a change of circumstances warranting a modification of alimony. We agree that the preponderance of the evidence supports this finding by the lower court.

The court found further that Mr. Brown's earning capacity had decreased and would continue to do so. Finding that the previously ordered alimony payments equaled twenty-one percent of Mr. Brown's gross annual income for 1979, the court ordered him to pay monthly alimony in an amount adjusted annually to equal twenty-one percent of his gross annual income for the previous year. We reverse this portion of the court's order for the reasons discussed below.

During the settlement negotiations prior to the divorce, Mr. Brown presented a letter from his doctor stating that his physical condition would require a progressive reduction in his working hours. Mr. Brown's decreased hours at the time of the hearing had reduced his salary at Brown's Pharmacy fifty dollars a week, while his salary as a part-time hospital pharmacist remained the same. His non-salary income had increased because he was selling an interest in Brown's Pharmacy to a partner. In addition, Mr. Brown had remarried and had recently acquired a construction loan to build a new home.

This being a matter in equity heard by a single judge, the Court is free to find the facts based on our view of the preponderance of the evidence. *Major v. Major*, 286 S. E. (2d) 666, 1982. The evidence showed that Mr. Brown knew at the time of the divorce his income would progressively decrease. Moreover, the decrease in proportion to his total income was small. We find Mr. Brown has not shown any change of circumstances at this time because of his former wife's employment or his decreased salary.

The family court has authority to modify an award of periodic alimony upon a showing of altered circumstances. *Darden v. Witham*, 258 S. C. 380, 188 S. E. (2d) 776 (1972); S. C. Code Ann. § 20-3-170 (Supp. 1980). Without a proper showing of altered circumstances, the court had no authority to modify the alimony payments. *Darden.*

We reverse the lower court's order to the extent it modified alimony. This reversal leaves in effect the divorce decree directing Mr. Brown to pay monthly alimony of six hundred fifty dollars. We affirm the remainder of the order, including the award of attorney's fees.