0062

Anne NELSON, formerly Anne Merritt, Appellant, v.
H. Shelby MERRITT, Respondent.

(314 S. E. (2d) 840)

Court of Appeals

*Ann L. Furr,* of *Furr & Delgado,* Columbia, *for appellant.*

*Betty J. Gambrell Cobb* of *King & Cobb,* Columbia, *for respondent.*

Heard Dec. 14, 1983.

Decided Feb. 6, 1984.

On Rehearing March 5, 1984.

GOOLSBY, Judge:

The appellant Anne Nelson appeals from a family court order which reduced the child support obligations of her

former husband, H. Shelby Merritt, and which denied her attorney's fees. We affirm in part and reverse in part.

Nelson and Merritt were divorced on August 30, 1977. The divorce decree incorporated a prior agreement entered into by the parties. Among other things, the agreement provided that Merritt would pay Four Hundred Dollars ($400) a month for the support of two minor children and would pay the school tuition for each child at "an appropriate private institution" with standards similar to those at either Porter-Gaud or Ashley Hall, two private schools in Charleston.

Sometime after the divorce, Nelson and the children moved to Richmond, Virginia. She enrolled the children at the Collegiate School, a private institution. Both parties remarried.

This action was brought by Nelson to require Merritt to pay the tuitions for the children at Collegiate. Nelson also sought attorney's fees. Merritt denied that the decree obligated him to pay the amount charged each child by Collegiate as tuition. In a counterclaim, he sought a reduction in child support payments alleging that both parties' circumstances had substantially changed.

Subsequently, the family court directed Merritt to make tuition payments in an amount equal to the tuitions that would be charged his children at Porter-Gaud and Ashley Hall. Merritt's monthly child support payments were reduced by the family court from Four Hundred Dollars ($400) to Three Hundred Dollars ($300), and Nelson's request for attorney's fees was denied.

The appellant does not argue in her brief the two exceptions that relate to tuition payments. A failure to argue an exception constitutes an abandonment of it. *Shirer v. O.W.S. & Assocs.*, 253 S. C. 232, 169 S. E. (2d) 621 (1969); *Cudd v. John Hancock Mutual Life Ins. Co.*, 310 S. E. (2d) 830 (S. C. App., 1983). We, therefore, do not treat those exceptions and turn first to the issue concerning the reduction in child support payments.

Because this is an equity matter heard by a single judge, we are at liberty to find facts based on our view of the preponderance of the evidence. *Brown v. Brown*, 278 S. C. 43, 292 S. E. (2d) 297 (1982); *Major v. Major*, 277 S. C.

318, 286 S. E. (2d) 666 (1982). A child support award is subject to continuing review and may be modified by the court if evidence is produced showing a sufficient change of conditions warrants a modification. *Moseley v. Mosier*, S. C., 306 S. E. (2d) 624 (1983); *Perkins v. Parkins*, 309 S. E. (2d) 784 (S. C. App., 1983).

Here the trial judge first found that Merritt had made a proper showing of changed conditions sufficient to justify a reduction in his child support obligations. In making that determination, the trial judge considered the effect of Merritt's remarriage, the impact of inflation, and the consequences of Nelson's move to Virginia and her remarriage. But none of these factors is sufficient to warrant decreasing the amount of Merritt's child support payments, especially when consideration is given to the facts that his earnings in less than four years rose over Seven Thousand Five Hundred Dollars ($7,500) to Thirty-two Thousand Seven Hundred Sixty Dollars ($32,760) and that an expense-free automobile has been furnished to him by his employer.

The trial judge found persuasive Merritt's testimony that his new wife is "essentially a financial liability rather than a financial asset"; however, there are no facts in the record that tend to show that Merritt's financial condition has been worsened in any way by his remarriage. Indeed, his new wife is employed as a schoolteacher and her income, even he conceded, offsets any financial loss suffered by him on account of his marriage to her. Moreover, she owns their marital home; and Forty-five Thousand Dollars ($45,000) of her own money was pledged by her as collateral on a loan made to Merritt by the First National Bank of South Carolina. Merritt's remarriage, we find, is not a circumstance which has adversely affected his ability to provide the child support he agreed to pay.

Regarding inflation, we recognize that it has had a negative effect on the husband's buying power; however, no one is immune from inflation's cutting edge. Inflation reduces the buying power of little children too, including, we would think, Merritt's son and daughter. When the costs of food, clothing, shelter, transportation, and other

necessaries increase, they go up for everybody, adults and children alike. The fact of inflation can scarcely be used, then, as a justification for *reducing* child support obligations particularly when, as here, the parent's income has increased more than nominally since the last child support order. *See Spires v. Higgins*, 271 S. C. 530, 248 S. E. (2d) 488 (1978); *cf. Stevenson v. Stevenson*, 276 S. C. 475, 279 S. E. (2d) 616 (1981); *Campbell v. McPherson*, 268 S. C. 444, 234 S. E. (2d) 774 (1977); *Fender v. Fender*, 256 S. C. 399, 182 S. E. (2d) 755 (1971).

The trial judge found that Nelson's remarriage and move to Richmond constituted a changed adverse circumstance for Merritt because the move, necessitated by her remarriage, resulted in increased visitation costs and higher private school tuitions. At the time Merritt entered into a support agreement with Nelson, however, he expected that she would "move to Virginia and marry." Nelson's anticipated move to Richmond, therefore, cannot fairly be considered a changed circumstance. *Cf. Schadel v. Schadel*, 268 S. C. 50, 232 S. E. (2d) 17 (1977). And as to the increase in tuition expenses, the trial judge eliminated them from consideration when he limited Merritt's tuition payments to the costs of attending private schools in Charleston.

There has been no substantial change, therefore, in Merritt's ability to pay child support in the years between the divorce decree and the order appealed from. If anything, he has a greater ability to pay now than before. His salary is significantly more than it was when the divorce occurred. The family court, we find, abused its discretion in reducing the amount he is to pay each month as child support. *Cf. Sartor v. Ward*, 262 S. C. 398, 205 S. E. (2d) 1 (1974).

The trial judge also reduced the amount of child support payable to Nelson because he found that her financial condition had improved considerably. We deem that finding erroneous. Since her remarriage, Nelson has given birth to another child. The child is severely ill. Because of the gravity of the child's health problems, Nelson has been unable to work. Her only income is the amount her new husband pays each month to her in repayment of a loan which she made to him when they purchased their home in Richmond. As we read the record, the evidence is insufficient to support the conclusion that Nelson's financial condition has

substantially changed for the better so as to authorize a reduction in Merritt's child support obligations.

As to the denial of Nelson's request for attorney's fees, ██ the award of attorney's fees is a matter within the sound discretion of the trial judge. *Young v. Young*, 254 S. C. 498, 176 S. E. (2d) 156 (1970). When the relative assets of the parties are considered along with the beneficial results which Nelson obtained in bringing the instant action, we cannot say that the trial judge abused his discretion in failing to award her attorney's fees.

For the reasons we have given, the family court's order is reversed as to the reduction of child support and the original award of Four Hundred Dollars ($400) per month is reinstated; and the denial of attorney's fees is affirmed.

Affirmed in part and reversed in part.

SHAW and CURETON, JJ., concur.

## ORDER ON PETITION FOR REHEARING

GOOLSBY, Judge:

The appellant Anne Nelson petitions this court for a rehearing. She maintains that we overlooked the following exception:

> 8. The trial judge erred in ordering a reduction in the amount of tuition [the respondent] Merritt was required to pay under his divorce decree, where changed circumstances were not shown.

We agree with the appellant. The exception was not addressed.

As we mentioned, the divorce decree incorporated an agreement entered into by the parties. It resolved several issues which divided them. One provision of the agreement read:

> [Merritt] . . . also agrees to pay any and all tuition for the education of the minor children of the parties at an appropriate private institution of learning; the parties acknowledge and stipulate that "an appropriate private institution" would be Porter-Gaud School or Ashley Hall or an institution of similar standards. Provided, however, that [Merritt] . . . shall be relieved of this obligation in the

event that his income is substantially diminished in such a fashion so as to cause him to be materially unable to meet this obligation.

The force and effect of the divorce decree's education provision is to be determined by its language alone since the language which the provision employs is perfectly clear and unambiguous. *See Perkins v. Parkins,* 309 S. E. (2d) 784, 786 (S. C. App. 1983). Merritt is plainly directed "to pay any and all tuition for the education of [his] minor children . . . at an appropriate private institution." Both parties agreed that "an appropriate private institution" would be an institution whose "standards" were similar to either "Porter-Gaud School or Ashley Hall." The only circumstance which will permit Merritt to avoid his responsibility to make tuition payments where his children have enrolled at a private institution whose standards are similar to either Porter-Gaud or Ashley Hall is when his income has "substantially diminished" and he is "materially unable" to make the payments.

Here the preponderance of the evidence establishes, in our view, that the Collegiate School where the parties' two children are currently enrolled is a private institution with standards similar to those of Porter-Gaud. Like Porter-Gaud, Collegiate is a co-educational institution, is a traditional school, and is housed in new facilities. Its admission standards, class sizes, teacher educational levels, and extra curricular activities are similar to Porter-Gaud's. In fact, Merritt does not seriously dispute that Collegiate and Porter-Gaud possess similar standards.

His sole complaint is about the higher tuition costs. The combined tuitions for both children are only Five Hundred Twenty Dollars ($520.00) more per year than they would have been had the children been attending Porter-Gaud. As we noted in the original opinion, Merritt's salary has increased Seven Thousand Five Hundred Dollars ($7,500.00) in less than four years. Instead of his income being "substantially diminished," the very opposite has occurred. We cannot say, then, that Merritt has made a sufficient showing that he is entitled to avoid paying "any and all tuition" for each of his two children. For us to allow him, under present circumstances, to

pay only what Porter-Gaud would charge each child as tuition would, as Nelson contends, effect a reduction in his obligation to make tuition payments. The family court's order, therefore, is modified to require Merritt to pay sums for the children's tuitions in the amounts charged by Collegiate.

Moreover, because the added tuition costs are not enough to constitute a changed circumstance sufficient to warrant a reduction in child support payments, we also affirm our earlier holding that there has been no substantial change in Merritt's ability to pay child support.

Accordingly, the mandate is amended to read

Affirmed in part as modified and reversed in part.

SHAW and CURETON, JJ., concur.