22455

James Floyd GARRETT, Appellant v. Elizabeth D. GARRETT, Respondent.

(339 S. E. (2d) 510)

Supreme Court

*Kenneth C. Porter* and *Robert M. Rosenfeld,* both of *Rosenfeld & Porter,* Greenville, *for appellant.*

*David D. Armstrong,* Greenville, *for respondent.*

Heard Jan. 8, 1986.

Decided Jan. 30, 1986.

HARWELL, Justice:

Appellant husband and respondent wife were divorced pursuant to an order dated January 18, 1980. Three years later, the husband sought a modification of this order. The family court allocated the husband's payments between

child support and alimony pursuant to the husband's request. The husband's remaining requests for modification were denied. We affirm as modified.

The husband contends that the family court erred in (1) denying his request for a reduction in alimony and child support; (2) awarding child support until such time as the child completes his secondary education; (3) requiring the husband to carry insurance for the wife and child when the wife had obtained duplicate coverage at her place of employment at a substantially lower rate; and (4) awarding attorney fees to the wife.

After reviewing the record, we find that the family court was correct in refusing to decrease the amount of alimony or child support. We agree that the husband should be required to pay child support until hs son completes high school. *Duckett v. Payne,* 279 S. C. 94, 302 S. E. (2d) 342 (1983); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

In the divorce decree, the husband was ordered to pay all the medical, dental, and hospital bills of the wife and child. The husband purchased an insurance policy to assist him in complying with this portion of the order. This has created problems in the past due to the husband's failure to cooperate with the wife in filing of claims. The wife can obtain duplicate coverage through her place of employment at a much lower rate. The lower court's order, therefore, is modified to require the wife to obtain or continue to carry adequate coverage through her employer for herself and the child. The husband is required to reimburse her in full for the amount of the insurance premiums within ten days after she pays them. If the husband fails to timely reimburse her, the wife shall no longer be responsible for continuing such coverage. Notwithstanding such coverage, the husband remains fully liable for all of the medical, dental, and hospital bills of the wife and child. The husband, therefore, will be responsible for any such sums not covered by insurance.

An award of attorney's fees is generally discretionary with the trial judge. *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977). Attorney's fees may be awarded in an action arising from the original divorce ac-

tion, such as an action to modify support or alimony payments. *See Schadel v. Schadel*, 268 S. C. 50, 232 S. E. (2d) 17 (1977). We agree with the lower court that the wife was entitled to an award of attorney's fees.

The husband contends that the family court erred by ordering him to pay the fees directly to the wife's attorney. An attorney is not entitled to such a direct award. *Louthian S. Merritt, P.A. v. Davis*, 272 S. C. 330, 251 S. E. (2d) 757 (1979). It is a well settled principle that an error is not reversible unless the complaining party shows that he is prejudiced by it. Assuming error in ordering that the fees be paid directly to the attorneys, no prejudice to the husband has been shown. *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974).

Affirmed as modified.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.