**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Reginald Perry, Respondent,

v.

Jennifer Olson, Appellant.

Appellate Case No. 2020-000681

―――――――――――

Appeal From Sumter County
Thomas M. Bultman, Family Court Judge

―――――――――――

Unpublished Opinion No. 2023-UP-214
Submitted March 1, 2023 – Filed May 31, 2023
Withdrawn, Substituted, and Refiled June 28, 2023

―――――――――――

**AFFIRMED**

―――――――――――

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston; and Nicholas Daniel Mermiges, of Law Offices of Nick Mermiges, LLC, of Columbia, both for Appellant.

Rebecca Brown West, of Harling & West, LLC, of Lexington; and Monica Jaclyn Schuring, of Charlotte, North Carolina, both for Respondent.

―――――――――――

**PER CURIAM:**  Jennifer Olson (Mother) appeals the family court's order granting Reginald Perry (Father) custody of their minor child (Child) without prohibiting contact between Child and Father's brother.  Mother also appeals the order's requirement that she pay child support and Father's attorney's fees.  We affirm pursuant to Rule 220(b), SCACR.

1. The family court did not err in granting Father custody of Child without prohibiting contact between Child and Father's brother.  *See Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) (noting that "de novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial judge is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial judge."); *Altman v. Griffith*, 372 S.C. 388, 398, 642 S.E.2d 619, 624 (Ct. App. 2007) ("The paramount and controlling factor in every custody dispute is the best interests of the children." (quoting *Nasser–Moghaddassi v. Moghaddassi*, 364 S.C. 182, 191, 612 S.E.2d 707, 711 (Ct. App. 2005))); S.C. Code Ann. § 63-15-240(B) (Supp. 2022) (providing seventeen nonexclusive factors pertaining to the best interest of the child); *Altman*, 372 S.C. at 393, 642 S.E.2d at 622 ("[C]ustody determinations largely rest in the sound discretion of the family court judge."); *Woodall v. Woodall*, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996) ("[T]he appellate court should be reluctant to substitute its own evaluation of the evidence on child custody for that of the trial court."); *Altman*, 372 S.C. at 393, 642 S.E.2d at 622 (noting that "deference to the family court's findings is especially warranted" when it makes a custody determination between two fit parents).

2. The family court did not err in ruling that Mother must pay Father child support. *See Major v. Major*, 277 S.C. 318, 321, 286 S.E.2d 666, 668 (1982) (noting that a parent cannot waive child support); S.C. Code Ann. § 63-17-470(A) (2010) ("In any proceeding for the award of child support, there is a rebuttable presumption that the amount of the award which would result from the application of the guidelines required under [s]ection 43-5-580(b)[ of the South Carolina Code (2015)] is the correct amount of child support to be awarded.").

3. The family court did not err in ruling that Mother must pay Father's attorney's fees. *See Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) ( "[O]n appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be

awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living."); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (clarifying the following factors are used to determine a reasonable attorney's fee: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.