## 18060

Minnie GROSSMAN, Respondent, v. Jake GROSSMAN, Also known as Jack Grossman, Appellant

(130 S. E. (2d) 850)

*Morris D. Rosen, Esq.,* of Charleston, *for Appellant,*

*Messrs. Shimel, Ackerman & Goldberg,* of Charleston, *for Respondent,*

April 25, 1963.

LEWIS, Justice.

This is an action to recover accrued and unpaid alimony installments allegedly due under an Ohio divorce decree. The Court of Common Pleas for Charleston County, South Carolina, entered judgment for the plaintiff for the amount found to be due to her by the defendant under the Ohio judgment and the defendant has appealed.

The plaintiff and the defendant were married on August 20, 1918 and were granted a divorce by the Ohio Court of Common Pleas, Jefferson County, Ohio on July 19, 1935, upon evidence that the defendant had been guilty of extreme cruelty and adultery. The decree of divorce dissolved the marriage, granted custody of their two minor children, then ages 15 and 12, to the plaintiff, and provided for the payment of alimony for the support and maintenance

of the plaintiff and the minor children. The provisions of the decree with reference to alimony were based upon an agreement thereabout between the parties, the pertinent portions of which are as follows:

"It further appearing to the Court that the parties hereto have agreed between themselves upon the amount of alimony for the support and maintenance of the defendant and the minor children of said parties, the Court finds that said agreement is fair and equitable and does hereby approve the same. In accordance with said agreement, it is hereby ordered that the plaintiff pay to the defendant the sum of Five Thousand ($5,000.00) Dollars, now on deposit with the National Exchange Bank and Trust Company, of Steubenville, Ohio, immediately upon the entering of this decree, and that on the 19th day of August, 1935, the plaintiff, Jake Grossman, shall pay to the defendant, Minnie Grossman, the sum of One Hundred and Thirty ($130.00) Dollars, and a like sum on the nineteenth day of each month thereafter until the further order of this court.

"It appearing that the parties hereto have agreed that said monthly payment of $130.00 by the plaintiff, Jake Grossman, to the defendant, Minnie Grossman, shall not at any time in the future be reduced by reason of any change in conditions or circumstances then surrounding the said plaintiff, Jake Grossman, and brought about by reason of his re-marriage, the Court likewise finds that said agreement is fair and equitable and does hereby approve of same."

Shortly after entry of the aforesaid divorce decree, the defendant left the State of Ohio, went to Florida for a short time, and then moved to Charleston, South Carolina, in 1936, where he has since resided and accumulated property. The plaintiff continued to reside in Ohio until 1951, when she moved to Charleston where she continues to reside. The defendant remarried in 1944 and has one child by his second marriage.

The children of the plaintiff and defendant are now of age, one becoming 21 years of age on January 8, 1941, and the other on February 18, 1944.

This action was commenced on February 24, 1956 in the Court of Common Pleas for Charleston County, with the complaint alleging the entry of the aforesaid divorce decree in 1935, that it was a final judgment of Ohio, that the defendant defaulted in the payment of alimony under the terms thereof, and that there was due to the plaintiff the sum of $25,000.00 accrued alimony at the commencement of this action. The prayer for relief in the complaint was: (1) for the amount of accrued alimony unpaid and due under the Ohio divorce decree; (2) that the defendant be required to pay future alimony as the same shall be due under the aforesaid Ohio judgment and provide sufficient security to guarantee the payment thereof; (3) that the defendant be required to pay a reasonable fee to plaintiff's counsel for their services in this action; and (4) that the judgment or decree of this court entered upon the Ohio judgment be enforced by appropriate equitable remedies.

Pertinent to the issues to be decided in this appeal, the answer of the defendant denied that any amount was due by him to the plaintiff under the Ohio decree and denied that such decree was a final judgment of the Ohio courts. He affirmatively alleged that the Ohio decree was not a final judgment but a decree subject to retroactive modification under the laws of the State of Ohio and, therefore, not entitled to full faith and credit under the Federal Constitution; that it appeared that the amount of support granted in the Ohio decree was for the benefit of the plaintiff and the two minor children of the parties, and that no part of the sum allotted for the benefit of the children could be collected by the plaintiff after the children became 21 years of age; and that the plaintiff was guilty of laches by reason of long delay in asserting her claim, which has resulted in prejudice to the defendant.

In passing upon the issues, the lower court held that the Ohio decree was a final judgment of that State and enforceable under the full faith and credit clause in the courts of this State. It was found, from which there is no appeal,

that all amounts due by the defendant under the divorce decree had been paid by him through 1948. Accordingly, the court ordered judgment against the defendant for the sum of $11,050.00, being the amount of the accrued monthly payments of $130.00 from January 1, 1949, to February 1, 1956, together with interest at the rate of 6% on the unpaid installments amounting to the sum of $7,300.80, and the further sum of $3,000.00 fees to plaintiffs attorneys for their services to the date of the lower court decree. The judgment of the lower court also reserved to the plaintiff the right to institute further actions to recover future installments that might become in arrears under the Ohio decree which was adjudged to be and made a final judgment of the courts of this State.

The basic issue in this appeal concerns the right of the plaintiff to enforce in the courts of this State the payment by the defendant of accrued and unpaid installments of alimony allegedly due under the decree of the State of Ohio. Since the lower court found that the defendant had paid all amounts due plaintiff under the Ohio decree through the year 1948, the liability of the defendant for past due alimony payments relates to the period from January 1, 1949, to February 24, 1956, the date of the commencement of this action. No question is presented as to the defendant's liability for future payments, if it is determined that his liability for past due payments is enforceable in this State. Since, admittedly, the last of the children became 21 years of age in 1944, the action becomes in reality one to enforce the payment of the total amount of alimony installments provided in the Ohio decree for the above period for the wife *and* children even though the children had reached majority.

The Ohio decree, which incorporated the agreement of the parties thereabout, provided for a gross amount for the support of the wife and the minor children, without separately stating the amounts attributable to each. Since the children have all reached their majority, the defendant takes

the position that his obligation, if any, is limited to the support of the plaintiff and that the Ohio decree is subject to retroactive modification in that State so as to relieve him of the proportion of the support obligation attributable to his children. He then contends that the Ohio decree is not entitled to enforcemnet under the full faith and credit clause of the Federal Constitution because it is a retroactively modifiable decree in that State, and that it is unenforceable here under the principle of comity because the courts of this State have no power to determine the proportion of the support obligation attributable to the plaintiff.

The plaintiff contends on the other hand that the Ohio decree, as to past due installments, is not subject to retroactive modification in Ohio and is a final judgment of the State entitled to enforcement in South Carolina under the full faith and credit clause of the Federal Constitution. The plaintiff concedes that in Ohio the liability of a parent to support children ceases at their majority, but contends that, regardless of such fact, the Ohio decree is a final judgment not subject to retroactive modification there, and must be enforced in the courts of this State under the full faith and credit clause of the Federal Constitution. It is conceded that no application has ever been made to the Ohio courts for modification of the judgment sought to be enforced here.

While ordinarily an alimony decree is not subject to modification as to past due installments in the State of Ohio, *McPherson v. McPherson,* 153 Ohio St. 82, 90 N. E. 675; *Armstrong v. Armstrong,* 117 Ohio, St. 558, 160 N. E. 34, 57 A. L. R. 1108, the right to so modify an alimony decree apparently exists in factual situations such as confronts us here. Annotation: 6 A. L. R. (2d) 1325, where some of the Ohio cases are discussed, including *Speer v. Speer,* Ohio Com. Pl., 74 N. E. (2d) 97. We, therefore, conclude that the Ohio decree, here sued upon, is subject to retroactive modification in Ohio, where the children, for whom support is in part provided in the decree, have subsequently reached their majority.

We have held in this State that in the enforcement of domestic decrees for alimony a court of equity has the right and power to make such changes in the amount of alimony originally granted as the altered circumstances of the parties show to be equitable, including the power to modify the decree as to installments of alimony which have already accrued. *Jeter v. Jeter,* 193 S. C. 278, 8 S. E. (2d) 490.

Since the present decree is subject to modification in Ohio it is generally held that we are not required under the full faith and credit clause of the Federal Constitution to enforce payment of arrears of support under such a decree. 17A Am. Jur., Divorce and Separation, Sections 974 and 975.

The question then presents itself as to whether we shall enforce the decree of the Ohio court under the rule of comity. Or, stated differently, the question is whether or not a retroactively modifiable sister state alimony or support decree will be enforced in the courts of this State. While we have enforced under the full faith and credit clause alimony decrees of other states where the judgments were not subject to retroactive modification, *Alexander v. Alexander,* 164 S. C. 466, 162 S. E. 437, 82 A. L. R. 719; *Johnson v. Johnson,* 194 S. C. 115, 8 S. E. (2d) 351, the present question apparently has not heretofore been considered by this Court.

While there is a difference of opinion in the decisions upon the question, we have concluded that the fact that the present decree is subject to retroactive modification by the courts of Ohio does not, as contended by the defendant, make the decree unenforceable in this State.

As is stated in 17A Am. Jur. 162, Section 978:

"Every argument of justice and practicality favors the enforcement of payment of modifiable arrears by comity. Assume that a wife obtains a judgment for periodic alimony in New York, where arrears may be canceled, and that the

husband then establishes a domicile in California. If California should refuse to enforce payment the wife may be forever deprived of a remedy; the New York court may not be able to gain jurisdiction of the defendant, and if jurisdiction may be obtained by serving notice on the attorney in the divorce action, this remedy will be lost if the attorney dies or leaves the state. Again, the remedy in California will be more economical since it will avoid the necessity for a second action in New York to gain a judgment for arrears before suing in California; and if the wife sues in California where the husband is domiciled, the evidence concerning his earnings and ability to pay can be supplied more conveniently and economically in California."

No sound reason appears to deny to plaintiff access to the courts of this State to enforce the liability of the defendant under the Ohio decree. Both plaintiff and the defendant are now residents of South Carolina, the defendant since 1936 and the plaintiff since 1951. The property and assets of the defendant are here, out of which any amount found due must be paid, whether determined in this State or in Ohio; and the facts upon which such determination will be made are readily accessible to the courts here.

However, in establishing the Ohio decree as the judgment of this Court, we are met with the plea of the defendant that he has a right to have that decree modified so as to relieve him of the proportion of the support obligation attributable to the children who have now reached majority. Although the Ohio decree awards a gross amount for the support of the wife and children, without segregating the amounts attributable to each, we see no valid reason under the facts here why the South Carolina courts should refuse to hear and determine the issue of modification.

In an action to enforce a foreign "modifiable support obligation, either party may tender and litigate any plea for modification that could be presented to the courts of the

state where the alimony or support decree was originally rendered." *Worthley v. Worthley,* 44 Cal. (2d) 465, 283 P. (2d) 19, 25. *Hopkins v. Hopkins,* 46 Cal. (2d) 313, 294 P. (2d) 1; *Dyal v. Dyal,* 65 Ga. App. 359, 16 S. E. (2d) 53. See also: *Johnson v. Johnson,* 196 S. C. 474, 13 S. E. (2d) 593, 134 A. L. R. 318. As heretofore pointed out, the grounds for modification here could, in our opinion, be asserted in Ohio.

The Ohio decree incorporated the agreement of the parties as to support. An examination of that decree clearly shows that the support award therein was for the wife "and the minor children." The decree does not purport to create a liability on the part of the defendant to support the children after they reach majority. Rather, it is clear that the obligation to support the children applied only during their minority. Since the Ohio decree created no liability for support of the children after they became of age, a modification thereof so as to relieve the defendant of the proportion of the support obligation attributable to the children from the date of their majority would in nowise affect any support obligation adjudicated by the Ohio courts. The only right which plaintiff has under the Ohio decree, since the children have become of age, is to collect support for herself. Her right to receive her proportionate share of the accrued monthly payments is not subject to modification by this Court. Only the determination of her proportionate share of the accrued monthly payments is involved, which may be done as a practical matter by the courts of this State more conveniently than in Ohio. The support obligation originated in an agreement of the parties and was incorporated into the decree. The basis of such agreement, the circumstances surrounding it, and all facts necessary to a determination of the amount properly attributable to the support of the wife are peculiarly within the knowledge of the plaintiff and the defendant, who are both before the court. We hold that the courts of this State have the power to determine the issue of modification here

involved, that is, the amount of the gross support award properly allocable to the wife. *Hopkins v. Hopkins, supra;* 46 Cal. (2d) 313, 294 P. (2d) 1.

It appears that one of the children of the parties is confined in a mental institution in the State of Ohio. The question of the liability of the defendant for the support of this child, although of age, was not involved in the Ohio action, nor in this, and we do not attempt to adjudicate that issue.

It is contended by the defendant however, in any event, that the lower court erred in failing to hold that the plaintiff was guilty of laches by her delay of approximately eight years, after the last payment to her by the defendant, in proceeding to enforce the Ohio decree and that such constituted a defense to this action.

The question of whether the elements of laches have been established is one of fact and its determination rests largely within the discretion of the court. Each case must depend upon the particular circumstances present, taking into consideration among other things whether the delay has worked injury, prejudice or disadvantage to one of the parties. *Ramantanin v. Poulos,* 240 S. C. 13, 124 S. E. (2d) 611.

The lower court properly refused to sustain the defense of laches. The defendant has shown delay on the part of the plaintiff in asserting her rights, but nothing more. Delay alone in the assertion of a right does not constitute laches. It must be shown in addition that such delay has resulted in material prejudice to the defendant. This the defendant has failed to do.

We conclude, therefore, that while the Ohio decree is enforceable in this State, the lower court erred in awarding judgment to the plaintiff for the full amount of the accrued monthly payments provided therein. The judgment should have been limited to the proportion of the gross support payments properly allocable to the support of the

310

plaintiff. The judgment of the lower court is accordingly reversed and the cause remanded for the purpose of determining the amount allocable to the support of the plaintiff and the entry of judgment in her favor for such amounts due from January 1, 1949, together with interest on the past due payments at the rate fixed by Ohio law, and attorneys' fees.

While the defendant questions the allowance of interest and attorneys' fees the propriety of the allowance of both has been previously settled in this State. *Alexander v. Alexander, supra,* 164 S. C. 466, 162 S. E. 437, 82 A. L. R. 719. See: 17 Am. Jur. 812, Section 793; Annotation: 33 A. L. R. (2d) 1455. Since the cause is remanded to the lower court for further proceedings to determine the amount due by the defendant, we think it proper to leave the question of the amount of the attorneys' fees for consideration at the time in the light of the facts and circumstances then existing.

Reversed and remanded to the lower court for further proceedings in accordance with the foregoing views.

TAYLOR, C. J., MOSS and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.