0581

Elizabeth W. Hall ALLIEGRO, Appellant, v.
Richard M. ALLIEGRO, Respondent.

(337 S. E. (2d) 252)

Court of Appeals

*James B. Van Osdell* and *Cynthia Graham Howe* of *Van Osdell, Lester, Stewart & McCutchen,* Myrtle Beach, *for appellant.*

*Jack T. Flom* of *Marshall, Flom & Hills*, Myrtle Beach, *for respondent.*

Heard Sept. 25, 1985.

Decided Nov. 20, 1985.

SHAW, Judge:

This action for separate maintenance and support was commenced by Elizabeth W. Hall Alliegro against Richard M. Alliegro. The wife requested alimony, equitable distribution of marital assets, and attorney's fees. In addition, the wife requested six months of accrued alimony pursuant to a November 1982 temporary order. The trial judge awarded six months rehabilitative alimony, denied requests for equitable distribution and attorney's fees, and retroactively terminated the accrued support. The wife appeals. We affirm in part, and remand the issue of rehabilitative alimony.

In 1980 appellant, Elizabeth W. Hall Alliegro, married respondent, Richard M. Alliegro, when she was sixteen years of age. He was thirty-four years of age. In October 1982 she petitioned the court for a divorce but dropped that request and asked for separate maintenance. The court awarded $500 per month temporary support. The husband subsequently petitioned the court for reduction or termination of this award due to his allegations that she had failed to find employment. For various reasons the matter was delayed until July 1983 when a merits hearing was held. Mr. Alliegro was fired from his job with Piedmont Airlines where he was earning around $30,000 per year. He claims his discharge was caused by Mrs. Alliegro coming about his workplace. However, she claims she went there only one time and had moved from the city at the time of the firing. He collected unemployment compensation from his discharge to the date of the hearing. There were accusations of misconduct by each party. She claims he physically abused her, however, she dropped this prior to the hearing. He claims she would not seek employment and handled financial matters poorly. He admitted being addicted to a prescription drug, but cured his habit in 1981. The wife abandoned the issue of equitable distribution at oral argument; therefore, this exception is no longer considered.

The wife alleges error by the trial judge in determining the amount of rehabilitative alimony. The trial judge found that the wife wishes to attend art school but was unable to afford it. She completed her GED high school equivalency test. At the time of trial, she was working as an artist. He found an entitlement to rehabilitative alimony and awarded to her $100 per month for six months unless Mr. Alliegro found employment receiving hourly income of $5.00 per hour in which case the award would increase to $200 per month. This is speculative.

Factors to be considered in awarding rehabilitative alimony shall include (1) duration of the marriage, (2) the age, health and education background of the supported spouse, (3) the financial resources of the parties, (4) the parties' accustomed standards of living, (5) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance, (6) the time necessary for the dependent spouse to acquire job skills, (7) the likelihood of success in the job market. *Eagerton v. Eagerton,* _____ S. C. _____ , 328 S. E. (2d) 912 (Ct. App. 1985).

In this case the trial judge based the award of rehabilitative alimony on the husband's unemployment compensation rather than his earning capacity. His order also failed to include the salient facts upon which he based the amount and duration of the award. However, the record is now stale and we were informed at oral argument that the wife may have remarried. Accordingly, we remand the case for further proceedings to determine the self sufficiency and status of each party at the present time and to determine the amount, if any, of rehabilitative alimony to which the wife may be entitled.

The wife also alleges error in retroactively terminating accrued support. At the time of the hearing, the husband owed six months support under the November 1982 temporary decree. The trial judge found substantial changes in the financial conditions of the parties, based on their financial declarations and testimonies. The husband filed his petition for relief from alimony, based on his wife's failure to seek a job, on January 27, 1983. The hearing was postponed until July 1983 because the wife could not be located for a pre-

viously scheduled hearing on this matter. Based on these findings, the judge terminated the temporary support obligation as of January 27, 1983, the date the husband's petition was filed.

The court has the power to make such changes in the amount of alimony originally granted as the altered circumstances of the parties show to be equitable. *Grossman v. Grossman*, 242 S. C. 298, 130 S. E. (2d) 850 (1963). This includes the power to modify a decree as to installments of alimony which have already accrued. *Grossman v. Grossman, supra; Ex parte Jeter*, 193 S. C. 278, 8 S. E. (2d) 490 (1940). The court may consider whether the husband is unable to pay accrued alimony due to financial reasons or other just cause, and may modify the alimony decree accordingly. *See Ex parte Jeter, supra.* Since the judge retroactively terminated the accrued alimony based on his findings of changed conditions, we hold this exception to be without merit.

Finally, the wife alleges the trial judge erred in denying attorney's fees. The amount of attorney's fees rests within the sound discretion of the lower court, and will not be disturbed on appeal unless an abuse thereof is shown. *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974). To constitute an abuse of discretion the wife must show the conclusions reached were without reasonable factual support, resulted in prejudice to her, and under the circumstances of this case, amounted to an error of law. *Id.*

Abuse of discretion has not been demonstrated. No evidence was presented to establish the wife's entitlement to attorney's fees, beyond the allegation that she could not afford to pay. None of the other factors supporting an award of attorney's fees was demonstrated. *See Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). Accordingly, this exception is overruled.

Affirmed in part and remanded in part.

BELL and CURETON JJ., concur.