22417

Hubert Wayne CLAYTON, Respondent, v. Judy Ridgeway CLAYTON, Appellant.

(338 S. E. (2d) 326)

Supreme Court

*Daniel E. Hunt,* Easley, *for appellant.*

*Herman E. Cox,* Greenville, *for respondent.*

Heard Nov. 18, 1985.

Decided Dec. 9, 1985.

NESS, Chief Justice:

Appellant wife appeals a final decree of the family court which granted the parties a divorce, awarded support payments for the wife and children, and divided marital property. We affirm in part and remand.

Wife brought an action against respondent husband for separate maintenance and support. Prior to the hearing, the parties reached an agreement as to all issues except child support. The agreement included a provision that husband would pay the first and second mortgages, taxes and insurance on the marital home, and gave wife and children exclusive possession of the home. The trial judge's order for separate maintenance recited the terms of the parties' agreement, but it made no determination of fairness of the agreement or otherwise approved the settlement. The only issue litigated and decided in the action for separate maintenance was wife's entitlement to child support.

Several months later, husband initiated this action for a divorce based on one year's separation and requested a reduction of his financial obligations. The trial judge ordered the parties to be jointly responsible for the expenses of the marital home, i.e., mortgage payments, taxes, insurance and maintenance. Wife asserts this was error, alleging husband made no showing of changed circumstances to warrant modifying the awards made in the separate maintenance order.

Issues litigated and decided in a separate maintenance action may not be relitigated in a subsequent divorce proceeding. *Page v. Page,* 260 S. C. 298, 195 S. E. (2d) 613 (1973); *Powell v. Powell,* 249 S. C. 663, 156 S. E. (2d) 305 (1967). Here, wife's entitlement to spousal support was not litigated or determined in the action for separate maintenance. The order for separate maintenance merely recited the parties' agreement and made no ruling as to the fairness of its terms. Therefore, in the divorce action, the trial judge had full authority to make an independent award

of spousal support and no showing of changed circumstances was required. S. C. Code Ann. Section 20-3-130 (1976); *Witt v. Witt*, 271 S. C. 541, 248 S. E. (2d) 494 (1978).

However, wife is correct that the divorce decree does not comply with Family Court Rule 27(C) in that it fails to set forth the factual findings and conclusions of law on which the award was based. *See, Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (S. C. App. 1983). Husband conceded this point during oral argument. Therefore, the case is remanded to the family court for compliance with Rule 27(c).

Affirmed in part and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.