0843

Clyde H. WHITE, Appellant v. Doris S. WHITE, Respondent.
(351 S. E. (2d) 585)

Court of Appeals

*Kenneth C. Porter & Rosenfield,* Greenville, *for appellant.*

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard Nov. 11, 1986.

Decided Dec. 15, 1986.

CURETON, Judge:

Clyde H. White commenced this action against his former wife, Doris S. White, to modify the amount of his alimony and child support payments due to changed circumstances. Mrs. White counterclaimed for alimony and child support arrearages and for the amount of her attorney fees. The judge dismissed Mr. White's petition, and granted judgment to Mrs. White on her counterclaim. Mr. White appeals. We affirm the ruling awarding Mrs. White a support arrearage and attorney fee, and modify Mr. White's alimony obligation.

Mr. and Mrs. White were divorced on December 2, 1969. They had been married since 1951. The couple has three daughters, aged eight, five, and three years at the time of the divorce. Mrs. White was granted a divorce on the ground of desertion. In that decree, Mrs. White was awarded custody, child support of $1,000.00 and $500.00 alimony per month. She was also awarded sole possession of the marital home until she remarried, with title to the home remaining in Mr. White. Mrs. White paid all mortgage, insurance,

taxes, and maintenance payments on the home. At the time of the divorce, Mrs. White had not worked outside the home in nine years. The judge concluded "due to the tender age of the children, it is neither appropriate nor proper for the [wife] to work." At the time of the decree, Mr. White's net income from his position as Sales Manager of Wisconsin Wire Works was $2,200.00 per month. In addition, Mr. White was sole owner of two businesses and had a fifty percent interest in a third. These interests were not considered by the court in setting support.

Mrs. White returned to work part-time in 1970. In 1979, Mr. White had financial troubles culminating in the loss of his businesses. He began to abuse alcohol and cocaine and was imprisoned for two and one half years on drug charges. Since his release, he has established a business selling tools. Mr. White has remarried twice since the 1969 divorce.

Mr. White initiated this action for reduction of his support obligations in April 1985. Mrs. White counterclaimed for the amount of support arrearages and attorney fees. Mrs. White testified at the hearing that due to his irregular payments since 1979, Mr. White owed $35,000.00 in past due alimony and $30,466.60 in past due child support. The trial judge refused to reduce Mr. White's support obligations, finding no substantial change in circumstances to justify any reduction. He awarded Mrs. White a judgment on her counterclaim for $65,466.60 in support arrearages. The judge also ordered Mr. White to pay Mrs. White's $935.00 attorney fee.

We first consider Mr. White's argument that he demonstrated a sufficient change of circumstances since the 1969 decree to warrant a reduction in his alimony and child support obligations.

To substantiate his claim, Mr. White argued that his net income in 1969 was $2,200.00 per month, as compared to his current monthly income of $2,054.00. Mr. White also presented evidence that he owed several loans obtained partially to pay off his support obligations, and was also paying $600.00 per month in support to his second wife. In contrast, Mrs. White, unemployed in 1969, has a present net monthly income of $902.55. She paid off the home mortgage of $122.00 per month in July 1980. She currently has sufficient income

to enable her to employ domestic help and contribute a small amount to an IRA and an investment plan. Mr. White, therefore, has demonstrated that Mrs. White's financial situation has greatly improved, while his has deteriorated.

A family court has authority to modify an award of periodic alimony upon a showing of altered circumstances. *Brockington v. Brockington,* 277 S. C. 304, 286 S. E. (2d) 381 (1982); *Darden v. Whitham,* 258 S. C. 380, 188 S. E. (2d) 776 (1972). Such a modification may be made upon a proper showing of a change of circumstances of the parties or the financial ability of the spouse making the periodic payments. Section 20-3-170, Code of Laws of South Carolina, 1976.

Unlike *Brockington,* where the evidence revealed the physician husband's income had actually *increased,* Mr. White demonstrated a decrease in his financial ability to pay and a substantial change in circumstances of both of the parties. This Court is at liberty in an equity case to find facts based on our view of the preponderance of the evidence. *Major v. Major,* 277 S. C. 318, 286 S. E. (2d) 666 (1982). While Mr. White should certainly not be rewarded for the financial upheavals in his life, we find, based on our review of the record, sufficient evidence of changed conditions to warrant reducing Mr. White's alimony obligation to $250.00 per month.

While Mr. White purports to argue for a reduction in his child support obligation, the record shows his original obligation of $1,000.00 per month was prorated among his three daughters, and his obligations for two of the children have ceased as each reached the age of twenty-one years, completed four years of college, married, or became self-supporting. Thus, he is presently obligated to pay monthly support of $333.33 for his youngest daughter. Finding this argument to be manifestly without merit, we dispose of it under provisions of Section 14-8-250, Code of Laws of South Carolina, 1976.

Mr. White next argues the judge erred in awarding Mrs. White a $65,466.60 judgment against him for alimony and child support arrearages. We disagree.

Mrs. White testified that the last alimony payment she received was in July 1979. She alleged Mr. White was

$35,000.00 delinquent in alimony payments at the time of the hearing. She also testified he had paid reduced child support payments since 1979, for a total arrearage of $30,466.60.

Although Mr. White evidently managed to send a portion of his support payments during this period, he admitted on cross-examination he had not paid support as directed by the 1969 divorce decree. According to him, his lack of any complete record of the payments he had made prevented him from disputing Mrs. White's figures.

It is undisputed that the court has the power to alter the amount of support originally granted if altered circumstances show this to be equitable. *Alliegro v. Alliegro*, 287 S. C. 154, 337 S. E. (2d) 252 (Ct. App. 1985). This includes the power to modify a decree as to installments of alimony which have already accrued. *Grossman v. Grossman*, 242 S. C. 298, 130 S. E. (2d) 850 (1963); *Alliegro v. Alliegro, supra.* In general, the question of reduction of arrearages rests within the sound discretion of the trial court. *See, Bigham v. Bigham*, 264 S. C. 101, 212 S. E. (2d) 594 (1975). The payor spouse must present sufficient evidence to justify a reduction in accrued arrearages. *Id.* White has failed to demonstrate any abuse of discretion.

Mr. White further argues that the amount of the judgment awarded does not give him proper credit for payments provided to Mrs. White by his brother during the period of Mr. White's incarceration. He also argues he should be credited with money he sent directly to his daughters when they attained their majority. While there is no real dispute that such monies were sent, Mr. White has offered no evidence of the amounts sent or the purpose of such gifts. The burden was on Mr. White to demonstrate reversible error. *Duckett v. Payne*, 279 S. C. 94, 302 S. E. (2d) 342 (1983). Since he has failed to present evidence to support his argument, we find the judge committed no abuse of discretion in awarding the judgment against him, and affirm the trial judge's ruling.

Finally, Mr. White argues the court erred in requiring him to pay Mrs. White's $935.00 attorney fee. The award of attorney fees is within the sound discretion of the trial judge. *Nelson v. Merritt*, 281 S. C. 126, 314 S. E. (2d) 840 (Ct. App. 1984). In this case, the judge ruled that

Mrs. White had been required to employ attorneys to represent her in Mr. White's suit. The judge found the affidavit of her attorney showed eight and one-half hours devoted to this case at his customary fee of $110.00 per hour, totalling $935.00. In view of the fact that Mr. White's action required Mrs. White to defend this suit, and with due regard for the beneficial results obtained by the wife, we find no abuse of discretion in the award. The attorney fee award is affirmed.

For the reasons stated above, we affirm as modified.

BELL and GOOLSBY, JJ., concur.