1000

Helen C. MURPHY, Respondent v. Brian Maxwell MURPHY, Appellant.
(359 S. E. (2d) 91)

Court of Appeals

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*John B. Duggan,* of *Edwards, Duggan, Reese & McKinney,* Greer, *for respondent.*

Heard May 19, 1987.

Decided July 27, 1987.

SHAW, Judge:

Appellant-husband, Brian Maxwell Murphy, appeals from a family court order denying the appellant a *de novo* hearing on or, in the alternative, a reduction of child support and alimony and requiring appellant to pay arrears of alimony payments and respondent's attorney's fees. We affirm.

While this court has jurisdiction in an equity matter to find facts based on its view of the preponderance of the evidence, it is not required to disregard the findings of a trial judge who saw and heard witnesses and who is in a better position to evaluate the testimony. *Allen v. Allen,* 287 S. C. 501, 339 S. E. (2d) 872 (Ct. App. 1986).

These parties were married on December 19, 1966, and divorced by decree dated September 19, 1985. In September of 1981, the parties entered into a separation agreement and property settlement which was thereafter approved by the family court in a hearing held in August of 1982.

At the time the agreement was entered into, the husband was represented by his attorney. Because the husband, a former federal parole officer, was serving time on a felony conviction at the time of the August, 1982, hearing, he was represented by his court appointed counsel. The court at this time approved the agreement and incorporated it in its order based upon the findings that the agreement was the free and voluntary act of each party, each party believed it to be reasonable, just and equitable and each understood the provisions of the agreement.

The wife filed for a divorce in 1985 and sought enforcement of the 1982 order. The court ruled the order of August 10, 1982, expressly approved the settlement agreement and incorporated its provisions into the order. Thus, the court found the husband was not entitled to a *de novo* determination of an amount of child support and alimony.

The husband argues that he is entitled to a *de novo* determination as to support based on the fact the family court, in its 1982 order, made no determination as to the fairness of the agreement. He cites the case of *Clayton v. Clayton,* 287 S. C. 308, 338 S. E. (2d) 326 (1985) which held a trial judge in a divorce action had full authority to make an independent award of spousal support without a showing of changed circumstances where the order

made no ruling as to the fairness of its terms. However, the case at hand is factually different from *Clayton* since the 1982 agreement between these parties was not only approved by the family court, but was incorporated within its order and not merely recited. Moreover, *Clayton* does not *require* an alteration of the terms of the prior order, but simply *allows* such. Here, the trial judge found that even if appellant were awarded a *de novo* hearing, the award of $1000 support per month was reasonable. We agree. Therefore, an alteration of the prior terms was not warranted.

The husband also argues the lower court erred in refusing to excuse his past due support payments citing the case of *Alliegro v. Alliegro*, 287 S. C. 154, 337 S. E. (2d) 252 (Ct. App. 1985). Under *Alliegro*, the court may modify a decree as to accrued installments of alimony "as the altered circumstances of the parties show to be equitable." We find the trial judge correctly refused to excuse the husband's past due support payments. We also find the trial judge acted properly in ordering the husband to pay $1,500 in attorney's fees to the wife.

Affirmed.

GARDNER, J., concurs.

CURETON, J., concurs in result only.