22855

Martha F. MORRIS, Appellant-Respondent v. Wyman L. MORRIS, Respondent-Appellant. Wyman L. MORRIS, Appellant v. Martha F. MORRIS, Respondent.

(367 S. E. (2d) 24)

Supreme Court

*C. Dixon Lee, III*, of *McLaren & Lee*, Columbia, *for appellant-respondent Martha F. Morris.*

*Joseph T. McElveen, Jr.* and *Terrell T. Horne*, both of *Bryan, Bahnmuller, King, Goldman & McElveen*, Sumter, *for respondent-appellant Wyman L. Morris* and *appellant Wyman L. Morris.*

*Frances C. Matthews*, Sumter, *for respondent Martha F. Morris.*

Heard Jan. 5, 1988.

Decided April 4, 1988.

*Per Curiam:*

This marital litigation involves two appeals and is procedurally complicated; some background information is therefore helpful.

## CASE 1

Appellant-Respondent Martha F. Morris ("Wife") sued Respondent-Appellant Wyman L. Morris ("Husband") seeking separate maintenance and support, permanent alimony, and equitable distribution of marital property. By Decree of Separate Maintenance and Support filed August 21, 1986, Judge Arrants ordered Husband to pay $600.00 per month alimony for 24 months. Wife was given an option to petition the court for continuing alimony after 21 months if she was unable to become self-sufficient within that period. The decree also ordered the equitable distribution of certain marital property. Both parties appealed both the equitable apportionment and alimony section of this decree.

## WIFE'S APPEAL

Wife is 56 years old and has an eleventh grade education. Before the marriage, she supported herself as a minimum wage waitress and sales clerk. Prior to this marriage—her

third—Wife lived in a mobile home which she was purchasing. She owned two automobiles and some household furnishings. After the marriage, Wife sold her mobile home and one of her cars, moved into Husband's home, and quit working outside the home.

Wife contends the Family Court erred in failing to identify as marital property numerous assets titled in Husband's name. Specifically, Wife contends the family court should have granted her an equitable interest in the following: the marital residence; 126 shares of Campbell Soup stock; a settlement sum in a breach of contract action involving the parties' former residence; tax exempt bonds; Husband's IRA; and $17,500.00 in Husband's checking accounts. Wife also appealed the family court's refusal to grant her permanent alimony.

## HUSBAND'S APPEAL

Husband is 55 years old and practices dentistry in Sumter. His annual income is approximately $90,000. On appeal he alleges error in five specific equitable apportionments made by the family court: 1) the lake house; 2) $18,855 in personal property; 3) the Lincoln automobile; 4) Anderson State Bank Stock; and 5) the amount of "homemaker's" equity awarded wife. Husband also appeals the family court's failure to provide for automatic termination of Wife's alimony after two years.

## DISCUSSION

A family court judge's equitable distribution determination, based on his findings of fact, rest within his sound judicial discretion. *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980). Reviewing the record, we find no abuse of discretion sufficient to justify reversal or remand. Both Wife and Husband, in their capacities as appellants, have failed to show both error *and* resulting prejudice in the family court's findings. *See Gardner v. Gardner*, 253 S. C. 296, 170 S. E. (2d) 372 (1969). Minor adjustments could be made in the equitable apportionment segment of the decree, including perhaps redesignating some properties marital and some non-marital. Remand is unnecessary, however, because the results reached by the

order are fair and equitable. *See Casey v. Casey,* 293 S. C. 503, 362 S. E. (2d) 6 (1987). Remand here would lead only to protracted litigation and its inevitable expense, with no ultimate benefit or appreciable change of position for either party.

We therefore affirm the equitable apportionment portion of the decree in Case 1 and dispose of both parties' exceptions on that issue pursuant to Supreme Court Rule 23. Our decision in Case 2, *infra,* is dispositive of the alimony issue raised by both parties in Case 1.

### CASE 2

Two weeks after Judge Arrant's Decree of Separate Maintenance and Support was filed, Husband sued Wife for divorce on the grounds of adultery. He also sought termination of alimony on the same grounds.

On December 25, 1986, Judge Campbell granted Husband the divorce on the grounds of Wife's adultery. Judge Campbell ruled, however, that his court lacked jurisdiction to terminate Wife's alimony because Judge Arrants's decree granting that alimony was on appeal (Case 1). Husband then moved under Supreme Court Rule 18, § 3A for remand of Case 1 from this Court so that the family court could address the alimony termination issue.

On April 21, 1987, this Court stayed Husband's obligation to pay alimony pending resolution of these appeals. Husband now argues that Judge Campbell's court had jurisdiction over the alimony termination issue. We disagree.

This Court has exclusive jurisdiction over an appeal upon the service of a Notice of Intent to Appeal. Supreme Court Rule 18, § 3A. A lower court has jurisdiction to proceed only "with matters not affected by the appeal." Supreme Court Rule 18, § 3B. Alimony was clearly a "matter affected by the appeal" of Case 1; both parties appealed Judge Arrants's ruling on that issue. Judge Campbell correctly ruled, therefore, that his court lacked jurisdiction to terminate alimony.

While we affirm the ruling in Case 2, we also recognize that an adulterous spouse is absolutely barred from alimony. S. C. Code Ann. § 20-3-130 (1976). Wife does not appeal the finding that she committed adultery on

numerous occasions after the decree of separate maintenance was filed. We hold that she was no less a "spouse" under the separate maintenance decree, her romantic interludes no less "adulterous", than if the parties had never separated. *See Brewington v. Brewington*, 280 S. C. 502, 506, 313 S. E. (2d) 53, 55 (Ct. App. 1984) (holding "legal separation", unlike divorce *a vinculo matrimonii*, leaves marriage relationship intact). It follows that the alimony award to Wife cannot stand.[1]

We therefore order termination of the alimony awarded Wife in Case 1; this termination shall be retroactive to the date of the divorce decree finding adultery. Wife's interest in the marital property shall be reduced by $2400.00, the amount Husband paid as alimony during the four months between the decree of divorce and the stay of alimony granted by this Court. *See Watson v. Watson*, 291 S. C. 13, 351 S. E. (2d) 883 (Ct. App. 1986) (reduction of wife's equitable apportionment award by amount of pendente lite support received). Our decision renders moot any consideration of the dispute over the duration of alimony on appeal in Case 1.

Affirmed as modified.

Ness, C. J., dissents.

Ness, Chief Justice, dissenting:

I respectfully dissent from the part of the majority opinion dealing with the effect of Wife's adultery on Husband's support obligation and the family court's jurisdiction to terminate Wife's alimony.

South Carolina Code Ann. § 20-3-130 (1985) provides in part, "No alimony shall be granted an adulterous spouse." In my opinion, a spouse's entitlement to support ceases on the day he or she commits adultery. *Cf.* S. C. Code Ann. § 20-3-150 (1985) ("support shall forthwith cease" upon remarriage.) I would therefore hold that Husband is entitled

---

[1] The rule barring relitigation in a subsequent divorce proceeding of issues litigated and decided in a separate maintenance action is inapplicable here. *See Clayton v. Clayton*, 287 S. C. 308, 338 S. E. (2d) 326 (1985). While the alimony issue was litigated in the separate maintenance proceeding, the adultery issue was not. Indeed, adultery was not even an issue at that time.

to return of all alimony paid since August, when Wife committed adultery, rather than that paid since December, when the order was entered.

The majority opinion upholds the family court's finding that it lacked jurisdiction to terminate Husband's alimony obligation because of the pending appeal in Case 1. In my opinion, the jurisdictional discussion is irrelevant under the facts of this case. I agree that the appeal of Case 1, in which both parties disputed the duration of alimony, deprived the family court of jurisdiction to entertain an action to modify the support period. Supreme Court Rule 18, § 3. Wife's adulterous conduct, however, terminated her right to receive alimony as a matter of law. Husband was entitled to stop paying support as of the date Wife became an adulteress without the necessity of a court order or further proceedings. Husband would be entitled to assert adultery as a defense to Wife's action for nonsupport. Further, if a paying spouse is unsure of his ability to establish adultery in court, he may bring a declaratory judgment action to have the issue determined.

I would reduce Wife's equitable interest by $4800, the amount of alimony paid to her by Husband since the adultery occurred.