THE STATE OF SOUTH CAROLINA
In the Court of Appeals

 
 
 
Margie
Lane,        Appellant,
 
 
 

v.

 
 
 
Donald
Lane,        Respondent.
 
 
 

Appeal from Clarendon County
R. Wright Turbeville, Family Court Judge

Unpublished Opinion No. 2004-UP-009
Submitted December 8, 2003  Filed January 
 14, 2004

AFFIRMED

 
 
 
Kristi F. Curtis, of Sumter, for Appellant.
Lori D. Hall, of West Columbia 
 and Cyril B. Rush Jr. of Columbia, for Respondent.
 
 
 

ANDERSON, J.:  The family court granted 
 Margie Lane (Wife) and Donald Lane (Husband) a divorce and apportioned the 
 marital property.  The apportionment allocated thirty-five percent of the marital 
 property to Wife and sixty-five percent to Husband, including the parties marital 
 residence.  We affirm. [1] 
FACTS
Wife commenced an action for divorce by filing a summons 
 and complaint on March 20, 2000.  The complaint prayed for a divorce on grounds 
 of adultery, an order requiring Husband to maintain health insurance on Wife, 
 apportionment of the marital property, and possession of the marital home.  
 Husband answered and counterclaimed, also seeking a divorce on grounds of adultery.  
 The family court issued a temporary order, based partially on an agreement between 
 the parties, on August 8, 2000.
The parties were married in 1989.  Husband was employed as 
 a sergeant with the South Carolina Highway Patrol, while Wife worked part-time 
 for her brothers cabinet making company.  At this point, the parties resided 
 with Wifes mother in Chesterfield County.  Upon Husband receiving a promotion, 
 the parties relocated to York, South Carolina.  After the relocation to York, 
 Wife began working for the South Carolina Department of Motor Vehicles (SCDMV). 
  She stayed at this position until 1995, when Husband received a second promotion 
 to lieutenant colonel, which required relocation to Columbia.  From 1995 until 
 the end of the marriage, Wife has been unemployed.  
The parties stipulated that the value of the marital estate 
 at the time of the hearing was $165,509.40.  Of particular importance, the marital 
 estate included two pieces of real property:  a five-acre tract of land located 
 in York County and a lakefront property used as the marital residence, located 
 in Summerton, South Carolina.  Wife used non-marital funds to purchase both 
 pieces of property.  Around 1990, Wife used non-marital funds to put a down 
 payment on a mobile home that became the marital residence on the lakefront 
 property.  It appears Wife made the mortgage payments on the mobile home until 
 1995, when she left her job at the SCDMV.  Husband made the payments from 1995 
 until 1999, when the mortgage was paid in full.
Both parties contributed to the lakefront property by making 
 several improvements.  Husband purchased an outdoor storage building, helped 
 build porches on the house and a shed on the property, and contributed to the 
 purchase price of a dock.  In addition to purchasing the property and making 
 a down payment on the mobile home, Wife contributed half the price of the dock, 
 installed a septic tank system and arranged for both electricity and water services.  

Although the lakefront property was initially used only on 
 weekends and special occasions, upon Husbands relocation to Columbia in 1995, 
 the property became Wifes primary residence.  Wife resided there until June 
 of 2000 when the parties separated.  During the interim, Husband resided in 
 an apartment in Columbia and would make the trip to the lakefront property on 
 the weekends.  Husband has been living on the lakefront property since the separation 
 and has lived there continuously since that time.
In the divorce decree, dated September 25, 2001, the family 
 court granted the parties a divorce on the ground of one-year continuous separation. [2]   The court also held that in 
 terms of financial contributions, Husband contributed eighty-two percent to 
 the marital estate and Wife contributed eighteen percent.  Accordingly, the 
 decree awarded sixty-five percent of the estate to Husband and thirty-five percent 
 to Wife.  The marital residence (the lakefront property) was included in Husbands 
 portion of the estate.  The court further denied Wifes request for an order 
 requiring Husband to maintain health insurance on her and awarded her partial 
 attorneys fees of $2500.00.  It is from these rulings that Wife appeals.
ISSUES

 I.      Did the family court err in determining the percentage of marital property to 
 be apportioned among the parties?
 II.      Did the family court err in awarding the lakefront property to Husband?
 III.     Did the family court err in refusing to require Husband to continue health insurance 
 coverage on Wife?
 IV.    Did the family court err in giving Wife only a partial award of attorneys fees?

STANDARD OF REVIEW
In appeals from the family court, this court has the authority 
 to find facts in accordance with its own view of the preponderance of the evidence.  
 Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  
 This broad scope of review does not, however, require this court to disregard 
 the factual findings of the family court.  Stevenson v. Stevenson, 276 
 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Neither are we required to ignore 
 the fact that the trial judge, who saw and heard the witnesses, was in a better 
 position to evaluate their credibility and assign comparative weight to their 
 testimony.  Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).
LAW/ANALYSIS
 I.                 
Equitable Distribution 
 
Wife first contends the family court erred in apportioning 
 the marital property.  Specifically, she argues the family court judge did not 
 give enough consideration to her early contributions to the marriage, the current 
 condition of her health, and her lack of any substantial savings or retirement.  
 We disagree.  
The apportionment of marital property is within 
 the discretion of the family court judge and will not be disturbed on appeal 
 absent an abuse of discretion.  See Morris v. Morris, 295 S.C. 
 37, 39, 367 S.E.2d 24, 25 (1988).  South Carolina Code Ann. section 20-7-472 
 (Supp. 2002) provides the family court must consider fifteen factors and give 
 each weight as it determines.  On review, this court looks to the fairness of 
 the overall apportionment, and if the end result is equitable, the fact that 
 this court might have weighed specific factors differently than the family court 
 is irrelevant.  Johnson v. Johnson, 296 S.C. 289, 300-01, 372 S.E.2d 
 107, 113 (Ct. App. 1988); Doe v. Doe, 324 S.C. 492, 502, 478 S.E.2d 854, 
 859 (Ct. App. 1996) (the reviewing court will affirm the family court judges 
 apportionment of marital property if it can be determined that the judge addressed 
 the relevant factors under section 20-7-472 with sufficiency for the reviewing 
 court to conclude the judge was cognizant of statutory factors).
In this case, the overall distribution was sixty-five percent 
 of the estate to Husband and thirty-five percent to Wife.  We find, given the 
 statutory factors, that this distribution is fair and equitable.  Given the 
 length of the marriage, the value of the marital property, and the incomes of 
 both parties, we find that the trial court did not abuse its discretion in its 
 distribution of the marital property.  In identifying, valuating, and apportioning 
 the property, the family court relied upon the testimony and discovery obtained 
 from both parties.  After examination of both the parties testimony and the 
 fifteen statutory factors listed in S.C. Code Ann. section 20-7-472, it is clear 
 that the family court divided the marital property in a fair manner.
II.  Lake-Front Property
Wife next maintains the family court erred by awarding 
 the lakefront property to Husband.  We disagree.  
Although Wife purchased the lakefront property 
 with non-marital funds, the parties stipulated it was marital property and agreed 
 that whichever party received it, the other party would be awarded the five-acre 
 parcel of land in York County.  Accordingly, the award of the property was governed 
 by the standards for equitable distribution.  Because there is evidence in the 
 record supporting the family courts decision, we find no abuse of discretion.  

III.  Health Insurance
Wife argues the family court erred in allowing 
 Husband to drop her from his health insurance.  We disagree. 
Both parties agreed at trial to waive any right 
 either may have to alimony.  Because of this, the family court denied Wifes 
 request, but ordered Husband to execute whatever documentation might be necessary 
 to allow Wife to convert her coverage to COBRA.
In its order disposing of Wifes motion to alter 
 or amend the divorce decree, the family court denied Wifes request.  The court 
 correctly noted that to require Husband to maintain health insurance, even at 
 Wifes expense, would become an ongoing obligation as a form of spousal support.  
 Because it is undisputed the parties voluntarily waived alimony, and thus support, 
 we find no error.
IV.  Attorneys Fees
Wifes final argument is that the family court 
 erred in only granting her a partial award of attorneys fees.  We disagree.
A court must consider six factors in determining 
 whether to grant attorneys fees: (1) the nature, extent, and difficulty of 
 the case; (2) the time necessarily devoted to the case; (3) professional standing 
 of counsel; (4) contingency of compensation; (5) beneficial results obtained; 
 [and] (6) customary legal fees for similar services.  Glasscock v. Glasscock, 
 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (citing Donahue v. Donahue, 
 299 S.C. 353, 384 S.E.2d 741 (1989)).  Additionally, an award of attorneys 
 fees and costs is a discretionary matter not to be overturned absent abuse by 
 the trial court.  Donahue, 299 S.C. at 365, 384 S.E.2d at 748.
From a review of the divorce decree, it is clear 
 the family court fairly and equitably considered the necessary factors.  The 
 court found that the fees and expenses incurred by the respective attorneys 
 were reasonable, and that Husband was in a better position to pay the fees.  
 In awarding Wife fees, the court considered the fact that Wife abandoned her 
 request for alimony on the day of the trial.  We conclude the family court properly 
 considered the necessary factors.  We find no error in its award of partial 
 fees to Wife.
According, based on the foregoing, the family courts 
 rulings are 
AFFIRMED.
GOOLSBY, J., concurs.
CONNOR, J., dissents in a separate opinion.
CONNOR, J. (dissenting): Although 
 I agree with the majoritys decision regarding the lakefront property, health 
 insurance, and attorneys fees, I respectfully disagree with its decision to 
 affirm the family courts determination of each partys percentage of the marital 
 estate.  In my opinion, Husband and Wife should each receive fifty percent of 
 the marital estate.  Applying the requisite factors outlined in section 20-7-472 
 [3] to the evidence presented at trial, I believe the family court erred 
 in awarding Wife only thirty-five percent of the marital estate.
The parties were married for almost eleven 
 years.  Even though the parties were divorced on the ground of one years continuous 
 separation, there is evidence in the record, by way of Husbands admission and 
 Wifes testimony, that Husbands marital misconduct precipitated the parties 
 separation.  Wife also significantly contributed to the marital estate.  Specifically, 
 Wife purchased, using her own non-marital funds, a five-acre tract of land in 
 York and a lakefront lot in Summerton, South Carolina.  She also used non-marital 
 funds as a down payment to purchase a mobile home for the lake property.  She 
 continued to make these payments until 1995 when she stopped working.  Additionally, 
 she paid for the installation and set up of the mobile home using her non-marital 
 funds.  Wifes current health condition weighs in favor of her need for a greater 
 portion of the marital estate.  Because Wife suffers from severe fibromyalgia, 
 she is unable to maintain full-time employment.   In addition to Wifes limited 
 future earnings, she also has no vested retirement and has minimal savings.  
 Although Wife did not earn as much income as Husband during the marriage, this 
 factor alone is not sufficient to supports the family courts apportionment 
 of the marital estate.  Based on the foregoing, I would reverse the family courts 
 decision and award each party fifty percent of the marital estate.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2] The parties agreed to dismiss their requests for 
 divorce on grounds of adultery.

 
 
 [3]    Section 20-7-472 of the South Carolina Code of Laws enumerates 
 fifteen factors applicable to a determination of equitable distribution.  
 These factors are as follows:  (1) duration of the marriage; (2) marital misconduct 
 or fault and its effect on the break-up of the marriage; (3) the value of 
 the marital property and the contribution of each spouse to the acquisition 
 or appreciation in value of the marital property, including the contribution 
 of the spouse as homemaker; (4) the income and earning potential of each spouse 
 and opportunity for future acquisition of assets; (5) the health, both physical 
 and emotional, of each spouse; (6) need of either spouse for additional training 
 or education; (7) the nonmarital property of each spouse; (8) the existence 
 or nonexistence of vested retirement benefits for each spouse; (9) whether 
 alimony has been awarded; (10) desirability of awarding the family home; (11) 
 the tax consequence to each spouse as a result of the apportionment; (12) 
 the existence and extent of any support obligations of either party; (13) 
 liens and encumbrances on marital and separate property and other existing 
 debts; (14) child custody arrangements and obligations; and (15) any other 
 relevant factors as the trial court shall expressly enumerate in its order.   
 S.C. Code Ann. § 20-7-472 (Supp. 2002).