THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jesse Lee
 Crawford, Appellant,
 v.
 Sue Crawford, Respondent.
 
 
 

Appeal From Oconee County
 Timothy M. Cain, Family Court Judge
Unpublished Opinion No.  2010-UP-304
Submitted June 1, 2010  Filed June 10,
 2010
AFFIRMED 

 
 
 
 R. Scott Sprouse, of Seneca, for Appellant.
 Edward Delane Rosemond, of Seneca, for Respondent. 
 
 
 

PER CURIAM:   Jesse
 Lee Crawford (Husband) appeals the family court's denial of his request for the
 termination or modification of alimony.  Crawford argues the family court
 abused its discretion in (1) denying his request to terminate or reduce alimony,
 and (2) holding him responsible for the original alimony amount when it had
 been reduced at a subsequent temporary hearing.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.  As to whether the
 family court abused its discretion in denying
 Husband's request to terminate or reduce alimony:  Thornton v.
 Thornton, 328 S.C. 96, 111, 492
 S.E.2d 86, 94 (1997) (holding alimony will only be modified when there is a substantial
 or a material change in circumstances); Allen v. Allen, 347 S.C. 177,
 183-84, 554 S.E.2d 421, 424 (Ct. App. 2001) ("An award of alimony rests
 within the sound discretion of the family court and will not be disturbed
 absent an abuse of discretion."). 
  
2.  As to whether the
 family court abused its discretion in holding
 Husband responsible for the original alimony amount when it had been reduced at
 a subsequent temporary hearing: Thornton, 328 S.C. at 115, 492 S.E.2d at 96 ("The decision to order retroactive support rests
 within the sound discretion of the family court and should not be reversed
 absent an abuse of discretion by the family court."); Alliegro v.
 Alliegro, 287 S.C. 154, 157, 337 S.E.2d 252, 254 (Ct. App. 1985) ("The court has the power to make such changes in the amount
 of alimony originally granted as the altered circumstances of the parties show
 to be equitable."). 
AFFIRMED. 
HUFF,
 SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.